PARKER WAGNER, an Infant, by JENNIE P. WAGNER, His Guardian ad Litem, Respondent, *v.* MATHILDA A. MITTENDORF, Appellant.

JENNIE P. WAGNER, Respondent, *v.* MATHILDA A. MITTENDORF, Appellant.

**Negligence — motor vehicles — action to recover for injuries arising from collision with automobile — when plaintiff may recover for added injuries arising from fall while he was recovering from first injury.**

In an action to recover for personal injuries alleged to have been sustained by plaintiff through the negligent operation of defendant's automobile, testimony that when plaintiff had nearly recovered from a broken leg, result of the accident, he refractured the leg at the same point, as the result of a fall, while walking around by aid of crutches pursuant to his doctor's instructions, is competent and properly

admitted, and a charge by the court to the effect that added injuries may be included in the damage provided they arose out of the first injury or would not have happened but for the first injury and are not due to the neglect or carelessness of the injured party, correctly stated the rule of law applicable thereto.

*Wagner* v. *Mittendorf*, 189 App. Div. 930, affirmed.

(Argued January 19, 1922; decided February 3, 1922.)

APPEAL, in each of the above-entitled actions, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered November 7, 1919, unanimously affirming a judgment in favor of plaintiff entered upon a verdict.

*George S. Mittendorf* and *F. De Lysle Smith* for appellant. The trial court erred *first*, in admitting the testimony of the second accident and injury; *second*, in its charge to the jury on the question of damages. (*Kurak* v. *Traiche*, 226 N. Y. 266; *Keefe* v. *Lee*, 197 N. Y. 68; *Kleiner* v. *Third Ave. R. R. Co.*, 162 N. Y. 193; *Gumb* v. *Twenty-third St. R. R.*, 114 N. Y. 411; *Uransky* v. *D. D., E. B. & B. R. R. Co.*, 118 N. Y. 304; *Briscoe* v. *City of Mt. Vernon*, 174 App. Div. 200, 201; *Powers* v. *Westchester Elec. R. R. Co.*, 179 App. Div. 938; *Geoghegan* v. *Third Ave. R. Co.*, 51 App. Div. 368.)

*Alfred W. Meldon* and *Joseph Force Crater* for respondents. The court committed no error in admitting the testimony as to the second break of the plaintiff's leg, and permitting the recovery of damages therefor. (*Hoseth* v. *Preston Mill Co.*, 49 Wash. 682; *Conner* v. *Nevada*, 188 Mo. 148; *Matter of Phillips* v. *Holmes Express Co.*, 229 N. Y. 527; *Postal Tel. Cable Co.* v. *Hulsey*, 132 Ala. 444; *Thompson* v. *L. & N. R. R. Co.*, 91 Ala. 496; *Block* v. *Nat. Biscuit Co.*, 2 Cal. I. A. Com. 330; *Radman* v. *Heberstro*, 1 N. Y. Supp. 563; *Lyons* v. *Erie R. R. Co.*, 57 N. Y. 489; *Sauter* v. *N. Y. C. R. R. Co.*, 66 N. Y. 53; *Brooks* v. *Rochester Ry. Co.*, 156 N. Y. 244.)

CRANE, J.   While Parker Wagner, a young - man eighteen years of age, was riding a motorcycle on the Albany Post road at Montrose, N. Y., he collided with a touring car owned by the defendant, breaking his right leg.   These actions were brought, one by him to recover for his personal injuries and the other by his mother to recover for her loss of services, which have resulted in verdicts for the plaintiffs in moderate sums. ' The judgments entered upon these verdicts having been unanimously affirmed by the Appellate Division, it is conclusively established thereby that the defendant through her chauffeur was negligent; that Parker Wagner was free from contributing neglect and that the damages found have been sustained.

We, however, allowed an appeal to this court on exceptions taken to the admission of evidence bearing upon the injury and damage, presenting a question which we deemed to be of sufficient importance to review, as it had not heretofore been directly passed upon by this court.

After the accident the plaintiff was taken to the Peekskill hospital where his leg was set in a plaster of paris cast.   On October 25th he was able to get around on crutches and was taken by automobile from Peekskill to his home in Ninety-fourth street, New York city. Dr. Ransom Parker of that city removed the plaster cast and thereafter the plaintiff was able to get around on crutches although unable to put the least weight on his foot.   Dr. Parker in his testimony states that it was about the tenth of November that he removed the plaster cast, and found his leg in good condition, except that the upper part, the tibia, projected just a trifle beyond the lower part.   There seemed to be a good union but the leg was not absolutely straight.   He advised the patient to get around and take a little exercise as he thought it would strengthen up his leg and because the muscles after being a long time in a cast

become weakened. The doctor wanted them strengthened and told Wagner to exercise.

The plaintiff says that after the cast was taken off his leg he had been walking around with the assistance of his crutches, had been out, on a few little walks, out in the park, one day, and was just able to put the least little bit of weight on this foot. The plaintiff then testified as follows: " I was a member of the Naval Militia at the time, and I wanted to go down and see Dr. Kimball. He was in the Medical Department of the Naval Militia. My duties were in the Medical Department down there, and I wanted to see Dr. Kimball and some of the boys, and also watch the drill and I went down there in a taxicab with a couple of boys, who accompanied me, and while there I went to step over a doorsill, to go into one of the other rooms, and one of my crutches slipped, and I fell halfway, and hit this leg against a desk." The plaintiff had refractured his leg, said Dr. Parker, at the same point exactly where it had been broken before. It had been rebroken. Over objection and exception, the plaintiff and his doctor then detailed his re-entry into the hospital and the consequences of this second fracture. The court charged the jury as follows: " Now upon the question of damages the question arises, as to what effect the second injury that he received will have upon the damages. The law is this: If a person is injured, as the plaintiff was, and proceeds in accordance with the doctor's instructions and in a careful manner, reasonably careful manner in getting about, and another accident happens to him which results in aggravating his injury, without negligence on his part, then the added injury may be added to the original injury, and the damages may be compensation for all of the injury. If, on the other hand, the second injury was the result of the negligence of the plaintiff, disobedience of the instructions of his physician, for example, lack of care in going about, if the second injury results from lack of

care, then the defendant may not be charged with the added injury so received. The defendant in any event is only liable for the injuries naturally resulting from the accident.' "

By reason of the unanimous affirmance all the facts are conclusively presumed to have been found in plaintiff's favor. The jury must, therefore, have found that the plaintiff did not break his leg the second time through any neglect or carelessness upon his part. Or else if the jury found that the break was due to his neglect then under the instructions of the court, the defendant has not been harmed as no damage has been allowed for the second break. We consider the charge as made by the trial court as substantially stating the correct rule of law for these facts. There has been no decision in this state, so far as we can ascertain, directly upon this point, although one or two cases suggest the rule.

In *Lyons* v. *Erie Ry. Co.* (57 N. Y. 489) the defendant objected to the plaintiff offering proof that the exercise which he took and which might have retarded his recovery was due to the advice of his physician. The evidence was held competent, EARL, J., saying: " When one receives an injury through the carelessness of another, he is bound to use ordinary care to cure and restore himself. He cannot recklessly enhance his injury and charge it to another. If his arm be broken he cannot omit to have it set, and charge the loss of the arm to the wrongdoer. He is not obliged to employ the most skillful surgeon that can be found, or resort to the greatest expense to ward off the consequence of an injury which another has inflicted upon him. He is bound to act in good faith and to resort to such means and adopt such methods reasonably within his reach as will make his damage as small as he can. But suppose he makes a mistake and innocently eats or exercises so as to retard his cure or impair his chances of recovery; or suppose he employs a physician who makes a mistake in his treatment, so that he is not

as well or as soon restored as he otherwise would have been; who is to be responsible for the mistake? Can the wrongdoer, who has placed him in the position where he must make the choice of remedies and doctors, take advantage of such mistake? Can he shield himself from all the consequences of his wrong because the injured man has not adopted the best means and employed the best doctors? I think not. A wrongdoer breaks an arm; the injury is then done, and the arm for the time is destroyed. He cannot complain that the injured person has failed to restore it so long as he has acted in good faith in its treatment, using the ordinary means within his reach." (p. 490.)

*Matter of Phillips* v. *Holmes Express Company* (229 N. Y. 527) arose under the Workmen's Compensation Law. The claimant, a chauffeur, received a fracture of the right forearm while cranking a motor car. Sometime thereafter the claimant returned to work and while attempting to crank a car the fracture rebroke. After the first accident the policy of the Ætna Life Insurance Company expired, and the Maryland Casualty Company was the insurer at the time of the second break. Which insurance carrier was liable? We determined in affirming the Appellate Division that the latter injury was the result of the former and that the first insurer should bear the entire liability.

Of course these cases are not directly in point, but indicate that added injuries may be included in the damage provided they arose out of the first injury or would not have happened but for the first injury, and are not due to the neglect or carelessness of the injured party.

The precise question has, however, arisen in other states. In *Hoseth* v. *Preston Mill Company* (49 Wash. 682) the plaintiff about three months after he received his original injury was permitted by his physician to go about the hospital wards on crutches, and as he was

ascending the stairs from the wards one of his crutches slipped on the landing and he fell to the floor, rebreaking his leg. The Supreme Court of Washington said: " The rule is that the injured person must exercise reasonable care to effect a cure, both as to the selection of a physician and as to his own personal conduct, and if he does so he may recover all damages flowing naturally and proximately from the original injury. And in this case if the respondent was out on crutches under the instructions of his physician, and was in the exercise of due and reasonable care at the time of his fall, he may recover the entire damages sustained, provided of course the second injury was attributable to and would not have occurred except for the original injury."

In *Conner* v. *Navada* (188 Mo. 148, 161) the plaintiff had broken her leg. While subsequently riding in a buggy with her husband before the fracture had united, the wheel of the carriage broke down and the broken bones slipped. The court said: " Whilst it was the duty of the plaintiff to have used reasonable care to promote a recovery, yet if she was guilty of no negligence in this respect and an accident happened to her in which the result was more serious because of her then condition than it would have been if she had not already been afflicted, such more serious result in reality becomes the result of the first accident. There was nothing to indicate that the plaintiff was imprudent in this respect; the accident occurred by the breaking down of the wheel of the vehicle, but for which there would have been no jar, and but for the already broken and yet un-united bone in her leg the jar would have produced no ill effect."

To the same effect is *Postal Telegraph Cable Company* v. *Hulsey* (132 Ala. 444).

The testimony regarding Parker Wagner's second fracture of his leg and the consequences resulting therefrom was competent and properly admitted by the trial judge. The charge of the court correctly stated the rule

of law applicable to these circumstances. We find no error in the case justifying a reversal.

The judgments appealed from should be affirmed, with costs.

HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, MC-LAUGHLIN and ANDREWS, JJ., concur.

Judgments affirmed.