PHILO S. PITKIN, Plaintiff, *v.* GEORGE A. CHAPMAN, Defendant.

Supreme Court, Warren County, June, 1923.

**Election of remedies — receipt of award under Workmen's Compensation Law bar to action for malpractice — physicians and surgeons.**

There can be but one recovery for the same wrong and satisfaction by one joint tort feasor is a bar to an action against the other.

In an action for malpractice in treating injuries sustained by plaintiff, the answer alleged that after the accident and before the commencement of the action, the plaintiff received the amount of an award made to him under the Workmen's Compensation Law for all his injuries, based upon his then condition.

*Held*, that plaintiff was bound by his election to take compensation under the statute; that if any action lies against the defendant herein, it is one in favor of plaintiff's employer who has responded in full for the injuries of plaintiff including the malpractice claimed in this action, and a motion by defendant for judgment on the pleadings will be granted.

MOTION by defendant for judgment on the pleadings.

*Edward T. Coyle*, for plaintiff.

*Henry W. Williams*, for defendant.

ANGELL, J.   Defendant moves for a judgment on the pleadings in an action in which he, a physician, is charged with malpractice in treating injuries sustained by plaintiff on February 13, 1920, when he fell from a piazza roof.   The answer alleges that on June 22, 1921, plaintiff under the Workmen's Compensation Law, was awarded the sum of $1,374.26 as compensation for all his injuries based upon his condition at the time of the award, and that he received the amount of the award before the commencement of this action.   A transcript of the final proceedings in the hearing before the industrial board when the award was made is attached to the answer.   It appears that the alleged malpractice occurred before the final award and that plaintiff's condition at that time was made the basis of the award.   He was allowed ten per cent permanent disability for his right foot and forty per cent for his left foot.   Defendant contends that plaintiff's remedy under the Workmen's Compensation Law, having been accepted, is exclusive, and that, consequently, he may not maintain the present action. Plaintiff asserts, on the other hand, that this is an unrelated action to recover for an independent tort — for the wrong which he alleges was done him solely by defendant.

There can be but one recovery for the same wrong.   Satisfaction by one joint tort feasor has always been considered a bar to an action against another.   *Knapp* v. *Roche*, 94 N. Y. 329.   Though an original injury be added to by a second fracture resulting while the person injured is acting in a prudent manner, the insurer liable under the Workmen's Compensation Law for the first injury is also liable for the additional one.   *Wagner* v. *Mittendorf*, 232 N. Y. 481; *Matter of Phillips*, 229 id. 527.   If a person injured employs in good faith a physician reputed competent, the original wrongdoer cannot escape entire liability though the injuries are aggravated, or even though death results, because of mistakes in medical treatment. A wrongdoer cannot take advantage of the mistakes of a physician or surgeon in treating the injury.   The mistake of the physician could not have occurred but for the original wrong.   Therefore, he is not an intervening person responsible to the person injured, if the person injured seeks to hold only the original wrongdoer.   *Sauter* v.

*N. Y. C. & H. R. R. R. Co.*, 66 N. Y. 50; *Lyons* v. *Erie Ry. Co.*, 57 id. 489; *Almquist* v. *Wilcox*, 115 Minn. 37.

This has been held so often in actions at common law that in such cases it is not an open question. The Workmen's Compensation Law does not alter this just and salutary principle. There can still be but one compensation for one wrong. That act provided a sure and certain compensation for a workman injured in the course of his employment. It did not provide or attempt to provide, in contravention of the common law, that there could be two recoveries for what the common law had theretofore held to be one wrong, one injury.

The Compensation Law, section 29, requires the person injured to elect whether he will take compensation thereunder or proceed under his common-law rights. Having once elected, he is bound thereby. The remedy is exclusive. *Pavia* v. *Petroleum Iron Works Co.*, 178 App. Div. 345; *Miller* v. *New York Rys. Co.*, 171 id. 316; *Hanke* v. *New York Consolidated R. R. Co.*, 181 id. 53. Since there can be but one recovery for an injury, the statute provides that where another is partly or wholly responsible therefor, the one paying shall be subrogated to the remedy of the employee against such other. And this must be true whether the wrongs of two tort feasors were simultaneous or whether one wrong, as is alleged in this case, was subsequently committed. The employer has responded in full for the injury, including the malpractice claimed. If any action lies against the physician it is one in favor of the employer, who has been subrogated to such right.

Motion granted.

Ordered accordingly.