A. E. CROYLE WHITE, Plaintiff, *v.* FREDERICK J. MATTHEWS, Defendant.*

Supreme Court, New York County, January 15, 1927.

**Physicians and surgeons — malpractice — defense that plaintiff received compensation under Workmen's Compensation Law is good.**

In an action to recover damages based on the alleged malpractice of the defendant, a physician, in which it appears that the malpractice alleged consists of unskillful and negligent treatment following an injury suffered by the plaintiff, it is a complete defense to the action that the plaintiff has been awarded and has received compensation under the Workmen's Compensation Law for the injury suffered. The award covers not only the original injury but also any damage that may have arisen through the alleged malpractice of the defendant.

MOTION by plaintiff to strike out separate defense contained in defendant's answer.

*Tetelman & Tetelman* [*Louis L. Tetelman* of counsel], for the plaintiff.

*Lloyd Paul Stryker* [*Maxwell C. Klatt* of counsel], for the defendant.

MAHONEY, J. The defendant, a physician, is being sued by plaintiff for malpractice. This physician attended plaintiff for injuries she had received in the regular course of her employment. Plaintiff claims defendant was unskillful and negligent, and that as a result of his lack of skill and his negligence she was greatly damaged. In defendant's separate and complete defense he alleges that plaintiff's employer was subject to the terms and provisions of the Workmen's Compensation Law of this State; that plaintiff gave notice of her original injury, for which defendant treated her, to her employer; that she sought and received compensation, and that the State Industrial Commission made certain awards to this plaintiff which were paid to her. Defendant claims that said awards made to plaintiff were accepted by plaintiff as full compensation for all the injuries set forth in her complaint in this action; that plaintiff, in accepting said awards, is now barred from " further prosecuting a claim for said injury or the consequential result of said injury against this defendant; " that the remedy by way of a claim under the Workmen's Compensation Law is exclusive, and that the complaint should, therefore, be dismissed.

It would seem from the facts before me that this defendant was employed by plaintiff's employer to treat the plaintiff's injuries received in the course of her employment. If one injured, suing at common law for damages, has his injuries added to by malpractice on the part of the physician engaged to treat the injury, it would seem that one liable for the original injury may be held liable for the entire damages sustained. In *Lyons* v. *Erie R. Co.* (57 N. Y.

---

* Revd., 221 App. Div. 551. See, also, *Hoehn* v. *Schenck* (221 App. Div. 371).

489) the defendant objected to the plaintiff offering proof that the exercise which the injured plaintiff took, and which might have retarded his recovery, was due to the advice of his physician. The evidence was held competent, EARL, C., saying: "When one receives an injury through the carelessness of another, he is bound to use ordinary care to cure and restore himself. He cannot recklessly enhance his injury and charge it to another. If his arm be broken he cannot omit to have it set, and charge the loss of the arm to the wrongdoer. He is not obliged to employ the most skillful surgeon that can be found, or resort to the greatest expense to ward off the consequence of an injury which another has inflicted upon him. He is bound to act in good faith and to resort to such means and adopt such methods reasonably within his reach as will make his damage as small as he can. But suppose he makes a mistake and innocently eats or exercises so as to retard his cure or impair his chances of recovery; *or suppose he employs a physician who makes a mistake in his treatment, so that he is not as well or as soon restored as he otherwise would have been; who is to be responsible for the mistake?* Can the wrongdoer, who has placed him in the position where he must make the choice of remedies and doctors, take advantage of such mistake? Can he shield himself from all the consequences of his wrong because the injured man has not adopted the best means and employed the best doctors? I think not. A wrongdoer breaks an arm; the injury is then done, and the arm for the time is destroyed. He cannot complain that the injured person has failed to restore it so long as he has acted in good faith in its treatment, using the ordinary means within his reach." (See, also, *Wagner* v. *Mittendorf*, 232 N. Y. 481; *Matter of Phillips* v. *Holmes Exp. Co.*, 229 id. 527.)

The test seems to be whether the added injury arose out of the first injury, or would not have happened but for the first injury, and was not due to the negligence or carelessness of the injured party. (*Wagner* v. *Mittendorf, supra*, 486.) It seems clear, therefore, that a recovery against and a satisfaction by the first tort feasor would bar an action against the physician guilty of malpractice. That principle would seem to hold good, whether or not the satisfaction was obtained by the injured person as a result of an action at common law or as result of an election made to obtain compensation under the Workmen's Compensation Law. In *Pitkin* v. *Chapman* (121 Misc. 88) the court stated: "There can be but one recovery for the same wrong. Satisfaction by one joint tort feasor has always been considered a bar to an action against another. (*Knapp* v. *Roche*, 94 N. Y. 329.) Though an original injury be added to by a second fracture resulting while

the person injured is acting in a prudent manner, the insurer liable under the Workmen's Compensation Law for the first injury is also liable for the additional one. (*Wagner* v. *Mittendorf*, 232 N. Y. 481; *Matter of Phillips* [*Matter of Phillips* v. *Holmes Exp. Co.*], 229 id. 527.) If a person injured employs in good faith a physician reputed competent, the original wrongdoer cannot escape entire liability though the injuries are aggravated, or even though death results, because of mistakes in medical treatment. *A wrongdoer cannot take advantage of the mistakes of the physician or surgeon in treating the injury.* The mistake of the physician could not have occurred but for the original wrong. Therefore, he is not an intervening person responsible to the person injured, if the person injured seeks to hold only the original wrongdoer. (*Sauter* v. *N. Y. C. & H. R. R. R. Co.*, 66 N. Y. 50; *Lyons* v. *Erie Ry. Co.*, 57 id. 489; *Almquist* v. *Wilcox*, 115 Minn. 37.) This has been held so often in actions at common law that in such cases it is not an open question. The Workmen's Compensation Law does not alter this just and salutary principle. *There can still be but one compensation for * * * a workman injured in the course of his employment.* It did not provide or attempt to provide, in contravention of the common law, that there could be two recoveries for what the common law had theretofore held to be one wrong, one injury. * * * The employer has responded in full for the injury, including the malpractice claimed. If any action lies against the physician it is one in favor of the employer, who has been subrogated to such right."

The complete defense which plaintiff seeks to strike out, among other things, alleges that the " said awards made to plaintiff under the Workmen's Compensation Law were in compensation of all the injuries set forth in the complaint herein." I am, therefore, of the opinion that, if the facts are as stated in the separate defense, plaintiff is entitled to obtain no further recovery, and that the said defense is sufficient in law.

Plaintiff's motion to strike out is, therefore, denied.