GEORGE HOEHN, Appellant, v. GEORGE SCHENCK, Respondent.*

Second Department, July 1, 1927.

**Physicians and surgeons — malpractice — compensation, under Workmen's Compensation Law, not bar to action for malpractice — compensation may be pleaded in mitigation of damages.**

An action against a physician to recover damages for malpractice is not barred by an award of compensation under the Workmen's Compensation Law, though the award may cover not only the original injury but the injury arising from the malpractice of the attending physician.

Any payment based on the injury due to malpractice, if it has been made by the State Industrial Board or if it has been made by the insurance carrier, may give rise to a right of action to recover the excess in a court of equity, or it may be available to the defendant in mitigation of damages.

APPEAL by the plaintiff, George Hoehn, from an order of the Supreme Court, made at the Suffolk Trial Term and entered in the office of the clerk of the county of Suffolk on the 26th day of January, 1927, granting defendant's motion for judgment on the pleadings.

*Guy O. Walser,* for the appellant.

*Lorenz J. Brosnan* [*Lloyd Paul Stryker* with him on the brief], for the respondent.

KAPPER, J. The action is against a physician for malpractice in treating plaintiff's left foot which had been fractured as the result of an accident occurring to plaintiff in the course of his employment. The answer admits the treatment of plaintiff by defendant as a physician, but denies negligence or lack of skill. As a separate defense, it is alleged that plaintiff's fractured foot, suffered by him in the course of his employment, was compensated for by an award made by the State Industrial Commission, inclusive of the " consequential result of such injury." This separate defense further alleges that plaintiff " elected to receive the benefits of said Workmen's Compensation Act through the payment made to him pursuant to the interlocutory awards and final awards made by the State Industrial Commission to the plaintiff herein; " that " plaintiff has accepted said final award and is receiving compensation in pursuance thereof; " that " said final award made to and accepted by plaintiff includes all of the injuries set forth in the complaint herein; " that plaintiff having accepted payments made to him pursuant to such interlocutory and final awards " and the consequential result of said injury, which includes the injury set forth in the complaint, this plaintiff is now barred from further prosecuting a claim for said injury or the consequential result of said injury against this defendant." The plaintiff replied to this

* See, also, *White* v. *Matthews* (221 App. Div. 551).

separate defense and denied that he was compensated by the State Industrial Commission for " the consequential result of such injury," *i. e.*, for such results as were occasioned by the defendant's wrongful act. There is annexed to the answer a notice to plaintiff's employer, signed by the State Industrial Commission, stating that a decision was made by the State Industrial Board in the case of this plaintiff, as claimant, reading:

"Award to the claimant for 100 per cent loss of use of left foot 10-2/3 weeks for pro. disability amounting in all to 215-2/3 weeks compensation at $17.31 per week, a total of $3,733.19 less payments already made to the claimant, and the case was closed.

" The employer and the insurance carrier are directed to pay to the claimant now 59-2/3 weeks compensation from 4–2–25 to 5–24–26 at $17.31 per week, a total of $1,032.83 less payments already made to the claimant, and thereafter the sum of $34.62 every two weeks for 156 weeks."

On the complaint, answer, reply, and the referred to notice, the learned court at Special Term dismissed the complaint upon authority of *White* v. *Matthews* (130 Misc. 301).

The case cited followed *Pitkin* v. *Chapman* (121 Misc. 88), and the facts in both cases were the same as those in the case at bar. In the *White* case the plaintiff moved to strike out the defense of the defendant physician which interposed the same claim as is presented in the case now under review. In the *Pitkin* case the motion was made by the physician defendant for judgment on the pleadings. In the latter case it was said (p. 89): " There can be but one recovery for the same wrong. Satisfaction by one joint tort feasor has always been considered a bar to an action against another."

The learned court then states that though an original injury be added to by a subsequent injury while the injured person " is acting in a prudent manner," the employer, where the injured person is hurt in the course of his employment, is liable for all the consequences of the original injury; and then the learned justice said (p. 90): " This has been held so often in actions at common law that in such cases it is not an open question. The Workmen's Compensation Law does not alter this just and salutary principle. There can still be but one compensation for one wrong. That act provided a sure and certain compensation for a workman injured in the course of his employment. It did not provide or attempt to provide, in contravention of the common law, that there could be two recoveries for what the common law had theretofore held to be one wrong, one injury. The Compensation Law, section 29, requires the person injured to elect whether he will take compensation thereunder or proceed under his common-law rights. Having

once elected, he is bound thereby. The remedy is exclusive. *Pavia* v. *Petroleum Iron Works Co.*, 178 App. Div. 345; *Miller* v. *New York Rys. Co.*, 171 id. 316; *Hanke* v. *New York Consolidated R. R. Co.*, 181 id. 53. Since there can be but one recovery for an injury, the statute provides that where another is partly or wholly responsible therefor, the one paying shall be subrogated to the remedy of the employee against such other. And this must be true whether the wrongs of two tort feasors were simultaneous or whether one wrong, as is alleged in this case, was subsequently committed. The employer has responded in full for the injury, including the malpractice claimed. If any action lies against the physician it is one in favor of the employer, who has been subrogated to such right."

In my opinion, the basic error in this view is the assumption that the employer and the physician are joint tort feasors, and that there was but " one wrong." The distinct liabilities are just as pronounced as though the plaintiff, whose left leg was injured in the course of his employment, shortly thereafter suffered an injury to his right leg which a physician negligently and unskillfully treated. The fact that the maltreatment was to an already injured member is but a difference in degree and not in the primary duty. In *Ader* v. *Blau* (241 N. Y. 7, 15), Chief Judge HISCOCK in considering the claim of the right to join in one action, and as consistent remedies, a claim for death chargeable to the negligence of a property owner and a claim for the same death due to the alleged malpractice of a physician who treated for the original injury, said (pp. 15, 16): " Of course we do not overlook the well-established and familiar rule upon which reliance has been placed that a plaintiff may consistently and properly join as defendants in one complaint several joint tort feasors. But that rule only applies where different persons by related and concurring acts have united in producing a single or common result upon which the action is based. If two railroads each negligently manages its trains so as to cause a collision causing an injury which results in death clearly both could be joined as defendants in a single action. But persons are not joint tort feasors within the meaning of this rule when, as alleged, one causes death by one set of negligent acts and another, as alleged, causes death by an entirely different and separate form of negligence. They do not concur in producing the same and identical result — the same death so to speak. Pursuing the illustration which we have just used, if it should be alleged that the train of one railroad negligently ran over a man and injured him so that he died and that another railroad finding the same man by its tracks, not fatally injured, treated him so negligently that solely by its acts it killed

him, it could not seriously be contended that those two railroads within the tort feasor rule could be joined as defendants in the same cause of action on the theory that they had jointly and concurrently caused the death complained of. Two persons cannot be sued as joint tort feasors where it is alleged that one defendant caused death by a picket fence alleged as an independent and exclusive act of negligence and that another defendant caused death by negligent surgical treatment alleged as an independent and disconnected act."

Nor do I think there was any act by plaintiff here that would subject him to the charge of an election between inconsistent remedies in submitting his claim against his employer to the State Industrial Board under the Workmen's Compensation Law. The basis of an estoppel by election of remedies rests for its application upon the primary factor that the " same wrong " is involved. " Where a party has two or more remedies for the same wrong, in which the measure of damages might be different, electing one and pursuing it to judgment is a bar to any other remedy." (*Miller* v. *New York Railways Co.*, 171 App. Div. 316, 319.) The " same wrong " is in no wise here involved. I am not gainsaying the well-settled proposition that where one is injured by the negligence of another he is not responsible for the mistaken advice of a competent physician upon which the injured person acts in good faith and with ordinary care, and that in such circumstances the negligent party is liable for all the consequences following the wrong. Here, however, two independent acts are presented. If we assume that one act was the employer's negligence, and of that there is nothing in the record nor will it be presumed in view of the fact that compensation is not based upon negligence but solely upon the fact of employment, and indulge in the further assumption, as indeed we must on the motion here made by the defendant, that he was guilty of malpractice, the two unrelated wrongs were independent in their results and gave no basis for a claim of election when the plaintiff applied for and received compensation under the act. That these two alleged wrongs in no wise present inconsistent remedies whereby an action for one of the wrongs is to be deemed an election barring the maintenance of an action on the other, seems to have been announced in *Radman* v. *Haberstro* (1 N. Y. Supp. 561, opinion by HAIGHT, J., BARKER, P. J., BRADLEY and DWIGHT, JJ., concurring), it being there held that bringing an action against a physician for malpractice, through which it was alleged the plaintiff lost his hand, is not an election between inconsistent remedies, which will prevent an action against the party through whose negligence the plaintiff's hand was injured.

In *Viita* v. *Fleming* (132 Minn. 128) the Supreme Court of Minnesota had before it the claim by a physician, sued for mal-

practice, that there had been a previous settlement of the plaintiff's claim for injuries by a settlement under the Workmen's Compensation Act of that State; and it was said (pp. 133, 134): " We need add little to what is said in the preceding paragraph in order to dispose of the argument that the settlement under the Workmen's Compensation Act, by which the employer was released from ' all claims on account of said injury,' operated as a settlement and release of any claim the employee might have against the physicians for malpractice. The employer, as we have seen, was not liable to the employee for the negligence of the physicians. It was not required to compensate plaintiff for damages sustained by their malpractice, and the settlement did not purport to include any such element. This is not contrary to the well-known rule, existing before the compensation act, that, where one is injured by the negligence of another and uses due care in the selection of a physician or surgeon, the wrongdoer is liable for all the proximate results of his own act, although the injury has been aggravated by improper treatment by the physician. It by no means follows that the one whose negligence causes the original injury is liable for the negligence of the physician employed to treat it, and it is clearly not true that the physician is not liable to the patient for such negligence. When it appears, as it clearly does here, that there is a liability on the part of the physician to the patient, it is a strain to hold that a settlement between the injured man and the wrongdoer for the injury by the accident, whether made under the compensation act or outside of it, includes the claim that the injured man has against his physician for a separate and subsequent injury."

While it would be inequitable for plaintiff to receive from the State Industrial Board, in addition to an award for injury arising out of and in the course of his employment, compensation for the result of the doctor's alleged wrongful act, I do not see how the defendant here can avail himself of that claim as a bar to the maintenance of the plaintiff's action. This overpayment, assuming it to have been made by the State Industrial Board or the insurance carrier, may give rise to a right either in the Board or the carrier to recover the excess in a court of equity (See *Hartford Acc. & Indem. Co.* v. *Chartrand,* 239 N. Y. 36, 42), or it may be availed of by the defendant in mitigation of damages.

I advise that the order be reversed upon the law, with ten dollars costs and disbursements, and motion for judgment on the pleadings be denied, with ten dollars costs.

KELLY, P. J., MANNING, YOUNG and LAZANSKY, JJ., concur.

Order dismissing complaint reversed upon the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.