A. E. CROYLE WHITE, Appellant, *v.* FREDERICK J. MATTHEWS, Respondent.

First Department, November 4, 1927.

**Physicians and surgeons — malpractice — defense that plaintiff received compensation under Workmen's Compensation Law is insufficient in law.**

A defense in an action against a physician for malpractice based on the alleged improper treatment of the plaintiff, who had suffered a broken wrist, is insufficient in law which alleges that the plaintiff received compensation under the Workmen's Compensation Law for the injury to her wrist.

APPEAL by the plaintiff, A. E. Croyle White, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county. of New York on the 17th day of January, 1927, denying plaintiff's motion made under rule 109 of the Rules of Civil Practice and section 280 of the Civil Practice Act, to strike out the first complete defense in the answer on the ground that the said defense is insufficient in law on the face thereof.

*Louis L. Tetelman* of counsel [*Tetelman & Tetelman,* attorneys], for the appellant.

*Lorenz J. Brosnan* of counsel [*Lloyd Paul Stryker,* attorney], for the respondent.

MERRELL, J. The plaintiff is a nurse and brings the present action to recover of the defendant, a physician and surgeon, damages which plaintiff alleges she sustained as the result of malpractice and by reason of the unskillful and negligent treatment of the plaintiff by defendant for injuries which she sustained as the result of a fall and the fracture of the bones in and about the wrist of her right arm. The plaintiff in her complaint alleges that on the 24th day of December, 1925, by a sudden fall, she fractured the bones in and about the wrist of her right arm; and that on the day aforementioned the defendant was employed to give medical and surgical aid to the plaintiff, and that the defendant accepted such employment and continued therein for a considerable period of time; that as such physician and surgeon, and when employed, the defendant agreed to and did undertake to faithfully, skillfully and diligently set and endeavor to care and heal the said fractures and the wrist and injuries and wounds thereabouts; that the defendant failed to use his best judgment in exercising his skill and applying his knowledge, but so unskillfully, negligently and unprofessionally conducted himself that by reason of the improper

treatment and unskillful and negligent conduct of defendant, the bones of plaintiff's arm were not properly set or cured and healed, and that the right hand and fingers were caused to become stiff and useless for a long period of time, resulting in the loss of the use by plaintiff of her right hand and fingers and great bodily injury, to her damage in the sum of $10,000.

By his answer the defendant denies the allegations of the complaint charging him with malpractice or a want of application of proper skill in the treatment of the plaintiff's injured arm, and denies that the plaintiff suffered the injuries which she claims. In short, the answer of the defendant puts in issue all of the allegations of plaintiff's complaint of negligence, want of skill or malpractice on the defendant's part, and that the plaintiff suffered any damages as the result of defendant's treatment of her injured arm.

As a first separate and complete defense the defendant in his answer alleges that the plaintiff was employed by the Woman's Hospital, New York city, and was injured in the course of her employment on December 24, 1925; that plaintiff and her employer were subject to and accepted the benefits of the Workman's Compensation Law. The defendant further alleges that the plaintiff under said Workmen's Compensation Law duly filed her claim for compensation with the State Industrial Commission, Workmen's Compensation Bureau of the Department of Labor of the State of New York. Specifically, it is alleged by defendant that on or about December 24, 1925, after plaintiff was injured, she gave oral notice to her employer and filed a copy of such notice with the State Industrial Commission for compensation under the Workmen's Compensation Law; that under the terms and provisions of said Workmen's Compensation Law the plaintiff's employer provided medical services and attention to the plaintiff for the injuries which she had received, and that from the time of her injury until March 15, 1926, the defendant, as a physician, treated the plaintiff for such injuries which she had sustained in the course of her employment and the consequential result thereof. It is further alleged in said separate defense that the State Industrial Commission made certain interlocutory awards to the plaintiff herein, pursuant to which various payments of compensation were made to her; that such awards were made for the injury thus sustained and were received and accepted by plaintiff; and that in all the plaintiff has received as compensation the sum of $908.63, which she has elected to receive under the provisions of the Workmen's Compensation Law. It is then alleged in said answer that the said awards made to and accepted by the plaintiff were in compensation of all injuries set forth in the

complaint herein, and that having elected to accept compensation pursuant to the provisions of the Workmen's Compensation Law of this State, and having accepted the interlocutory awards made therein under said act, and having received and accepted said payments made pursuant thereto for the injury which plaintiff received on December 24, 1925, plaintiff is now barred from further prosecuting a claim for said injury or the consequential result thereof against this defendant; and that the provision of the Workmen's Compensation Law is exclusive and excludes all other rights and remedies and all other compensation to the plaintiff for said injury and the consequential result thereof. Plaintiff moved the court at Special Term to strike out said separate defense contained in the answer for insufficiency and for alternative relief, and plaintiff's motion was denied by the order appealed from.

We think the learned court below erred in denying plaintiff's motion. The court below proceeded upon the assumption that plaintiff's employer, the Woman's Hospital, and the defendant were joint tort feasors, and that the plaintiff, having elected to accept the benefits of the Workmen's Compensation Law, and having received compensation for the injuries which she received while in the employ of the Woman's Hospital, may not ask independent damages of the defendant, although the defendant's want of skill and malpractice may have aggravated plaintiff's injuries. Undoubtedly one who is responsible by his negligence for injuries sustained by another is not only responsible for the immediate injuries received, but is also responsible for the aggravation thereof caused by unskillful surgical treatment. The court below correctly stated the rule that " If one injured, suing at common law for damages, has his injuries added to by malpractice on the part of the physician engaged to treat the injury, it would seem that one liable for the original injury may be held liable for the entire damages sustained." (130 Misc. 301.)

But the court below fell into the error of assuming that the proceeding to obtain compensation was an action for damages and that there were two tort feasors here. Plaintiff's claim for compensation under the Workmen's Compensation Law was not based upon negligence or any wrongful act or omission on the part of plaintiff's employer. Compensation was sought and received by plaintiff upon the fact alone that when she sustained her injuries she was an employee of the Woman's Hospital. There is no allegation, either in the complaint or in the answer, that plaintiff sustained her injuries as the result of any tort or negligent act. The allegation of the complaint was: " That on or about the 24th day of December, 1925, the plaintiff, by a sudden fall,

fractured the bones in and about the wrist of her right arm." And in the answer it is alleged " that on or about the 24th day of December, 1925, at the time plaintiff was working for and was employed by the said Woman's Hospital, plaintiff sustained an injury to the bones of her right arm or wrist." No wrongful act on the part of any one is anywhere alleged in the pleadings as the cause of plaintiff's injuries. How, therefore, can it be said that the plaintiff's employer and the defendant were joint tort feasors? No part of the moneys received by plaintiff was for compensation for negligence, but was based alone upon the fact of employment. The decision of the court below was upon the authority of the decision in *Pitkin* v. *Chapman* (121 Misc. 88), from the opinion in which case the learned justice presiding at Special Term below in his opinion liberally quotes. We are of the opinion that *Pitkin* v. *Chapman* was erroneously decided, and that the court in that case fell into the same error as the Special Term below. The court in *Pitkin* v. *Chapman* treats the employer as a wrongdoer, the court in that case saying: " A wrongdoer cannot take advantage of the mistakes of a physician or surgeon in treating the injury. The mistake of the physician could not have occurred but for the original wrong. Therefore, he is not an intervening person responsible to the person injured, if the person injured seeks to hold only the original wrongdoer." The above quotation clearly shows the error into which the court fell. There was no original wrong-doer and no original wrong. Plaintiff's injuries were simply the result of an accident for which no one was responsible under the allegations of the pleadings.

The injuries for which the plaintiff seeks to recover in this action are additional to and entirely independent of those for which she received compensation. The allegation in the answer herein that the awards made to and accepted by the plaintiff were in compensation for all of the injuries set forth in the complaint is, at most, the conclusion of the pleader not borne out by the facts. The recent case of *Hoehn* v. *Schenck* (221 App. Div. 371) involved the same question as is presented by this appeal. There the Appellate Division, Second Department, unanimously held that an action against a physician to recover damages for malpractice is not barred by the award of compensation under the Workmen's Compensation Law, though the award may cover not only the original injury but the injury arising from the malpractice of the attending physician. We think the question was properly decided by the Second Department, and that the acceptance of compensation by plaintiff did not bar her recovering damages of the defendant as the result of malpractice. The allegations of the complaint

as to the malpractice and the alleged resultant injuries are all put in issue by the denials contained in the defendant's answer.

The order appealed from should be reversed, with. ten dollars costs and disbursements, and plaintiff's motion granted, with ten dollars costs.

DOWLING, P. J., FINCH, MCAVOY and O'MALLEY, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.