CORNELIUS BALSLEY, Respondent, *v.* ROSCOE D. SEVERANCE, Appellant.

Fourth Department, March 19, 1941.

*Lorenz J. Brosnan* [*Thomas H. Clearwater* of counsel], for the appellant.

*Thomas W. Egan,* for the respondent.

TAYLOR, J. The sole question presented upon this appeal is whether the provisions of section 29 of the Workmen's Compensation Law (Cons. Laws, chap. 67), as amended by chapter 684 of the Laws of 1937, apply to an action against a physician, brought to recover the aggravated damages resulting from malpractice in the treatment of a compensable injury. The complaint alleges, in substance, that plaintiff on March 11, 1938, while acting in the service of his employer, received accidental injuries, that on that date he employed defendant to treat such injuries, and that due to defendant's improper and unskilled treatment plaintiff's hand and arm are so deformed as to permanently prevent him from earning his livelihood. The defendant, before answering, moved under rule 107 of the Rules of Civil Practice to dismiss the complaint, upon proof by affidavit that in December, 1938, plaintiff, after due hearings, was awarded certain final payments of workmen's compensation, that the injuries for which plaintiff had sought

and received compensation included all injuries referred to in the complaint and that the action was not commenced until February 27, 1940, more than six months after the awarding of compensation and more than one year after accrual of the alleged cause of action for malpractice. Plaintiff served no answering affidavits. The motion was denied at Special Term upon the ground that the limitations, specified in section 29, apply only to third persons responsible for the original injury and that a physician, whose negligence aggravates the original injury, is not such a third person.

Prior to the effective date (September 1, 1937) of chapter 684 of the Laws of 1937, an employee had — where injured by the negligence of one other than his employer and not in the same employ — a choice of remedies, viz.: He might pursue his claim under the act against his employer or his cause of action at law against such other person. Upon his election to take compensation, the awarding thereof operated as an assignment of the cause of action of the employee against the third party for the benefit of the insurer. (Laws of 1935, chap. 328, amdg. said § 29; *Lunn* v. *Andrews*, 268 N. Y. 538, affg. 243 App. Div. 654; S. C., 152 Misc. 568; *Travelers Ins. Co.* v. *Brass Goods Mfg. Co.*, 239 N. Y. 273.) Whether the acceptance of a compensation award, which included the additional injuries resulting from the malpractice of the physician engaged to treat the initial injuries, operated as an assignment of the employee's cause of action for malpractice, was for some time an open question. In *Pitkin* v. *Chapman* (121 Misc. 88) the court held that the provisions of section 29 of the Workmen's Compensation Law, which required the injured employee to elect whether to take compensation thereunder or to proceed under his common-law rights, applied to the employee's cause of action for malpractice, so that an employer, who had responded in full for the injury, including the malpractice claimed, became by subrogation the owner of the employee's cause of action for malpractice. A contrary view was expressed in *Hoehn* v. *Schenck* (221 App. Div. 371) and *White* v. *Matthews* (Id. 551). These cases did not reach the Court of Appeals, but in *Matter of Parchefsky* v. *Kroll Bros., Inc.* (267 N. Y. 410) Judge LEHMAN, writing the opinion for the court, said (at p. 418): " if he [the employee] elects to take compensation under the statute, including damages for the injury caused by the physician's negligence, the employer becomes subrogated to the employee's right of action against the physician." The precise question involved in the *Parchefsky* case was whether an employee — who had pursued his common-law remedy against a physician for the aggravated injury resulting from malpractice and who had collected more than the statutory compensation for the ultimate disability resulting

from both the accidental injury and the malpractice — was thereafter entitled to the full statutory compensation award which, in this State, includes disability both from the initial injury and from any aggravation thereof resulting from malpractice. The court held that the employee was entitled only to an award for the initial injury, thus by implication approving the decision in the *Pitkin* case *(supra)* and disapproving the decisions in the *Hoehn* and *White* cases *(supra)*. The cases of *Diloff* v. *Burk* (249 App. Div. 732) and *Lang* v. *Taylor* (253 id. 806), which were decided subsequent to the Court of Appeals' decision in the *Parchefsky* case, affirmed Special Term rulings based upon the the theory that the *Parchefsky* case overruled the *Hoehn* and *White* cases. While the decision in the *Parchefsky* case preceded the 1937 amendment to section 29, we think that the Legislature did not intend to disturb the principle which served as the basis of decision in that case, viz.: That " ' the law does not permit a double satisfaction for a single injury ' " (p. 414), and that " after malpractice has aggravated the original injury, the subsequent disablement is due to concurrent causes inextricably intertwined " (p. 418). Under this 1937 amendment, the employee is not required to elect between the two remedies; he may accept a compensation award and such acceptance does not affect his right to maintain his common-law action for damages against a negligent third person providing that he commence his action against such other person " not later than six months after the awarding of compensation and in any event before the expiration of one year from the date such action accrues." His failure to commence such action within the time limited therefor operates as an assignment of the cause of action.

Concededly, plaintiff's alleged cause of action against defendant accrued in March, 1938. Concededly, the compensation award which was accepted by plaintiff in December, 1938, included the aggravated damages resulting from defendant's alleged malpractice. Therefore, when this action was commenced in February, 1940, plaintiff's alleged cause of action had — by virtue of section 29 — become vested in the employer or insurance carrier liable for the payment of the compensation award.

The respondent suggests that the result of the application of the limitations (specified in section 29) to a malpractice action, would be that, in many cases where a compensation award had been made six months previous to the malpractice, the victim would find himself in the position of having his action barred at the time that the wrong was committed; that a physician, treating an injured workman six months after the compensation award, would

be relieved from personal responsibility to the patient for malpractice. This suggestion is not pertinent because the six months' limitation does not apply to a compensation award where the aggravated disability, due to malpractice, has not been included.

The order appealed from should be reversed on the law, with ten dollars costs and disbursements, and defendant's motion to dismiss the complaint granted, with ten dollars costs.

All concur. Present — CROSBY, P. J., TAYLOR, DOWLING, HARRIS and McCURN, JJ.

Order reversed on the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.