CHARLES McINTYRE, Plaintiff, *v.* SAMUEL STEWART, Defendant.

Supreme Court, Special Term, Oswego County, November 27, 1944.

*William F. Martin* for defendant.

*Culkin & Amdursky* for plaintiff.

KIMBALL, J. The action is for damages resulting from the alleged malpractice of the defendant in the care and treatment of the plaintiff who was injured in an accident which was covered by the Workmen's Compensation Law. This action was not commenced within the six-month period nor the year period provided for in section 29 of the Workmen's Compensation Law. The defendant has moved under rule 107 of the Rules of Civil Practice for a dismissal of the complaint on the ground that the cause of action stated therein did not accrue within the time limited by law for the commencement of the action.

The present statute (Workmen's Compensation Law, § 29, subd. 1) provides in part as follows: " If such injured employee, or in case of death, his dependents, take or intend to take compensation, and medical benefits in the case of an employee, under this chapter and desire to bring action against such other, such action must be commenced not later than six months after the awarding of compensation and in any event before the expiration of one year from the date such action accrues." The statute further provides that failure to commence action within the time limited operates as an assignment of the cause of action to the person or corporation liable for the payment of the compensation.

Were this a third party action in which plaintiff sought damages for the results of the original injury only and not for aggravation by reason of alleged malpractice, it would necessarily be held that having taken compensation, his complaint must be dismissed. The cause of action in such case would have been assigned to the carrier by operation of law. (*Calagna* v. *Sheppard-Pollak, Inc.*, 264 App. Div. 589; *Christison* v. *Wallace*, 265 App. Div. 937; *Nelson* v. *Buffalo Niagara Electric Corp.*, 264 App. Div. 941.)

It is settled that an employee has a remedy under the Workmen's Compensation Law for both the result of the original injury and also for any aggravation thereof by reason of the malpractice of a physician. (*Matter of Parchefsky* v. *Kroll Bros., Inc.*, 267 N. Y. 410.)

In the present case, the complaint alleges that the plaintiff's injuries were aggravated by the malpractice so as to permanently and totally disable him and asks damages for the results of the malpractice. It is conceded that an award of compensation has been made to the plaintiff. The defendant's moving affidavit states: " Said injuries for which the plaintiff has sought and has received compensation under the terms and provisions of the Workmen's Compensation Law include all of the injuries referred to in the complaint in the above entitled action." The plaintiff's affidavit states " that no scheduled loss or schedule award has been made and that the claimant has merely received the weekly compensation which he would have received for the disability occasioned by the cervical fractures had they not been aggravated by the defendant's malpractice * * * and that he has, therefore, received no compensation by reason of the aggravation by the malpractice which plaintiff contends has rendered him permanently and totally disabled."

In *Balsley* v. *Severance* (261 App. Div. 492, 495) the action was not commenced within the time limited by the statute. The cause of action was for malpractice. The compensation award included the aggravated damages resulting from defendant's malpractice. It was held that the cause of action had become vested in the employer or insurance carrier. The opinion stated (obiter) " * * * the six months' limitation does not apply to a compensation award where the aggravated disability, due to malpractice, has not been included."

In *Gillette* v. *Allen* (264 App. Div. 599, 600) the court held that an employee entitled to take compensation for injuries sustained through the negligence of a third party and who fails to bring his third party action within the time limits, " * * * is not divested of his cause of action by reason of such failure unless he has taken compensation for such injuries."

In the case at bar, there is a question of fact as to whether the award included damages for the alleged malpractice or only damages for the result of the original injury. Until that fact is established, it cannot be determined whether the plaintiff has been divested of his cause of action under the provisions of section 29 of the Workmen's Compensation Law.

The defendant cites the decision in *Maynes* v. *Wylie* (N. Y. L. J., Jan. 23, 1942, p. 347, col. 5). In that case, the complaint was dismissed, the court saying: " The statement contained in the moving affidavit that the compensation award to the plaintiff included compensation for all of the injuries set forth in the

complaint is *undenied* in the opposing affidavit '' (italics mine). The situation here is entirely different.

It is my opinion, therefore, that until it is shown that plaintiff has taken and accepted compensation for the aggravation of his injuries resulting from the alleged malpractice, the defendant may not take advantage of the limitations of time set out in the statute. (*O'Brien* v. *Lodi,* 246 N. Y. 46, 50; see, also, *Hession* v. *Sari Corporation,* 283 N. Y. 262.)

The motion is denied, with $10 costs to plaintiff.