AMERICO A. BASELICE, Plaintiff, *v.* VINCENZO FANONI, Defendant.

Supreme Court, Special Term, New York County, August 17, 1945.

*William F. Martin* for defendant.

*Joseph R. D'Arrigo* for plaintiff.

Botein, J. This motion presents an interesting question: Can an injured employee now institute an action for malpractice against the physician who allegedly treated and aggravated the original injury, although more than six months ago he received a compensation award for the original injury and although the alleged malpractice occurred more than a year ago?

The physician defendant here moves to dismiss the employee's complaint under subdivisions 3 and 6 of rule 107 of the Rules of Civil Practice. The motion is premised upon subdivision 1 of section 29 of the Workmen's Compensation Law, which reads as follows: " § 29. *Remedies of employees; subrogation.* 1. If an employee entitled to compensation under this chapter be injured or killed by the negligence or wrong of another not in the same employ, such injured employee, or in case of death, his dependents, need not elect whether to take compensation and medical benefits under this chapter or to pursue his remedy against such other but may take such compensation and medical benefits and at any time either prior thereto or within six months after the awarding of compensation, pursue his remedy against such other subject to the provisions of this chapter. If such injured employee, or in case of death, his dependents, take or intend to take compensation, and medical benefits in the case of an employee, under this chapter and desire to bring action against such other, such action must be commenced not later than six months after the awarding of compensation and in any event before the expiration of one year from the date such action accrues. In such case, the state insurance fund, if compensation be payable therefrom, and otherwise the person, association, corporation or insurance carrier liable for the payment of such compensation, as the case may be, *shall have a lien* on the proceeds of any recovery from such other, whether by judgment, settlement or otherwise, after the deduction of the reasonable and necessary expenditures, including attorney's fees, incurred in effecting such recovery, to the extent of the total amount of compensation awarded under or provided or estimated by this chapter for such case and the expenses for medical treatment paid or to be paid by it and to such extent such recovery shall be deemed for the benefit of such fund. person, association, corporation or carrier. Notice of the commencement of such action shall be given within thirty days, thereafter to the commissioner, the employer and the insurance

carrier upon a form prescribed by the commissioner." (Last italics supplied.)

To come within the proscription of this statutory provision, the defendant sets out by affidavit that the hernial injury occurred March 18, 1943; that defendant operated on plaintiff on April 13, 1943; that "the plaintiff received an award under the Workmen's Compensation Law for his original injury " on September 3, 1943; and that this action was commenced some time in March or April of 1945. Plaintiff argues that subdivision 1 of section 29 is inapplicable to suit for malpractice and, in any event, that the award received is not a bar herein since the award covered only the original injury.

It is now well settled that the limits imposed by the above-quoted section apply to suits for malpractice (*Matter of Parchefsky* v. *Kroll Bros., Inc.*, 267 N. Y. 410; *Balsley* v. *Severance,* 261 App. Div. 492; *Pitkin* v. *Chapman,* 121 Misc. 88; see *Anderson* v. *Allison,* 12 Wn. [2d] 487). The rationale of this New York rule emerges clearly from the opinion of Judge LEHMAN in the *Parchefsky* case (*supra*), wherein it was indicated that since an award may include compensation for the aggravated injury (cf. *Milks* v. *McIver,* 264 N. Y. 267), the limits imposed by subdivision 1 of section 29 are applicable in order to foreclose double recovery for the same injury. But where, as here, the action for malpractice is based upon an injury not embraced by the award, the reason for applying the limitations of subdivision 1 of section 29 dissolve.

Not every compensation award necessarily includes compensation for the aggravated injury. This too is implicit in the holding of the *Parchefsky* case (*supra,* p. 418), where the claimant could recover an award only "for the injury apart from the malpractice." And in the *Balsley* case (*supra,* p. 495) it was expressly stated that "the six months' limitation does not apply to a compensation award where the aggravated disability, due to malpractice, has not been included." Moreover, no New York case has held subdivision 1 of section 29 applicable to a malpractice action where the award did not include compensation for the aggravated injury.

For these reasons I conclude that this action is not barred, since subdivision 1 of section 29 is premised upon the existence of an award, and no award has ever been made *for the injury of which plaintiff here complains.* (Cf. *Grossman* v. *Consolidated Edison Co.,* 294 N. Y. 39; *Ricciardi* v. *American Export Lines,* 268 App. Div. 606, affd. 294 N. Y. 812.)

Motion denied.