Edwin Elliott, Plaintiff, *v.* James Zellar, Defendant.

Supreme Court, Trial Term, Jefferson County, July 16, 1948.

*Daniel Scanlon* for defendant.

*Carl J. Hynes* for plaintiff.

Searl, J.   A jury has awarded plaintiff $18,000 damages for the loss of a leg and for a fractured hip.  Defendant moves for a new trial on grounds that plaintiff was guilty of contributory negligence as matter of law and that the verdict is excessive.

Plaintiff was driving his brother on a motorcycle.  They were proceeding westerly on the Watertown-Sacketts Harbor concrete State Highway.  Defendant was driving his motor vehicle in the opposite direction and had arrived at an intersection with a county highway.  While defendant was making a left turn, the vehicles collided, as the result of which plaintiff's left leg was injured, necessitating amputation.  Plaintiff contended the statutory warning was not given.  Neither defendant, nor his wife, who was riding with him, testified.

Defendant urges that plaintiff was negligent in failing to comply with subdivision 8 of section 88 of the Vehicle and Traffic Law in driving a motorcycle not equipped with a seat in the rear, as well as foot rests and hand holds, for the accommodation of the passenger.  The absence of hand holds was admitted.  The question of whether there were such foot rests and rear seat as complied with the statute was left to the jury as a question of

fact. The seat was described as a long fork and a circle in the rear. Plaintiff maintained this arrangement provided a seat for the driver as well as for the passenger in the rear, and that the foot rests were of sufficient length to accommodate the feet of both driver and passenger. Defendant argued in turn that the lack of proper foot room interfered with the efficient application of the brake on the part of the plaintiff. Clearly driving the motorcycle without providing hand grips for the use of the person in the rear constituted negligence on the part of the driver. Before such failure could defeat recovery, it was equally clear that the jury must find such failure to be a proximate or concurring cause of the accident. The jury has resolved this problem in plaintiff's favor. It would be difficult to find how lack of hand holds for the passenger could have contributed to the accident, in view of testimony that defendant turned his car to the left directly into the passing motorcycle.

Defendant urged not only that the verdict was excessive, but that the court spent a quarter of the time occupied for the charge in detailing the injuries received by the plaintiff. Without attempting to compare the relative length of that portion of the charge devoted to damages, it will suffice to say that the plaintiff while attempting to use crutches in the hospital fell and again fractured the thigh. It, therefore, became imperative that the court charge the jury as to whether the defendant could be held liable for the additional damages resulting from the fall. (*Foels* v. *Town of Tonawanda*, 59 Hun 567; *Ehrgott* v. *Mayor, etc., of City of New York*, 96 N. Y. 264; *Wilson* v. *Jaybro Realty & Development Co.*, 266 App. Div. 668; *Wagner* v. *Mittendorf*, 232 N. Y. 481; 2 Clark on New York Law of Damages, § 574.)

The damages awarded by the jury were not excessive. Hospital and medical bills were in excess of $2,400, exclusive of loss of work since the date of the accident. Plaintiff is thirty-six years of age and had been steadily employed before the date of the accident.

The motion for a new trial and for reduction of the amount of the verdict is denied.