PATRICK W. HARTIGAN v. GEORGE DICKSON.[1]

October 29, 1900.

Nos. 12,267—(74).

**Personal Injury—Apportionment of Liability.**

Where two or more persons are liable for an injury sustained by a third party, the damages recoverable are not apportionable in law between the parties so liable, and a settlement with the injured party by one inures to the benefit of all who are legally responsible for such injury.

**Same—Accord and Satisfaction—Release of Third Persons.**

When the injured party in such case, in good faith, makes a claim against another for his injuries, accepts compensation, and gives satisfaction therefor, all persons against whom suit might be brought for such injury are likewise released, whether the party with whom compromise was made could have been legally held in a suit for such damages or not.

Action in the district court for Ramsey county to recover $2,500 for personal injuries. From an order, Otis, J., sustaining a demurrer to a portion of the answer, defendant appealed. Reversed.

[1] Reported in 83 N. W. 1091.

*Squires & Begg,* for appellant.
*John W. Willis,* for respondent.

LOVELY, J.

Action for personal injuries sustained by plaintiff while in the employ of the Great Northern Railway Company.

The complaint, in substance, charges that while plaintiff was at work in the line of his duty, prying apart portions of a locomotive engine, he inserted a wedge between such parts to keep them asunder, when defendant negligently removed the wedge, causing an iron framework against which the lever in use by plaintiff rested to spring suddenly back, whereby his hand was caught and injured. The answer alleges that plaintiff and defendant were in the service of the common employer; that defendant was foreman of the shops, and plaintiff was his helper; that in doing the acts set forth in the complaint each was engaged in the performance of duties imposed by the common employment; that after the injury the plaintiff made a demand against the railway company for damages on account of the injury so received, upon the claim that the company was liable therefor by reason of the negligence of its agents and servants, whereupon the claim so made was settled and compromised, plaintiff receiving from the company a certain sum of money in full satisfaction for his injury. He then executed a written release therefor, embracing "all causes of action, costs, charges, claims, or demands of every name and nature arising and growing out of said injuries set forth in the complaint." To this answer plaintiff interposed a demurrer, upon the ground that the facts stated therein did not constitute a defense.

The demurrer was sustained, upon the theory that the release of the railway company was not a release of defendant's foreman, and that, if there was any liability on the part of the company, it was legally distinct from the liability of defendant in this action. From the order sustaining the demurrer, defendant appeals to this court.

It is undoubtedly the rule that where an injured party has accepted satisfaction in full for an injury done to his person, from whatever source it may come, the settlement he has made is so far effected in equity and good conscience that the law will not permit

him to recover again for the same injury: Lovejoy v. Murray, 3 Wall. 1; Long v. Long, 57 Iowa, 497, 10 N. W. 875; Ayer v. Ashmead, 31 Conn. 447; Chapin v. Chicago, 18 Ill. App. 47. The reason for this rule is simple and obvious. The law gives a complete remedy for the tort inflicted upon him, and, as between several persons who are jointly liable, courts will not apportion the damages between them. It does not follow from the fact that the liability of the railway company and the foreman were different in kind, one as employer and the other as servant, that the damage is severable or distinct. Brown v. City, 3 Allen, 474. Nor does it follow, either, that the question whether the railway company was or was not legally liable is determinative. There was but a single injury for which damages could be recovered, and the damages, in an action against the defendant or the railway company, each or both, would be for the whole injury, and this is the crucial test that resolves this issue. Both might be liable, but it never has been held permissible to apportion the damages recoverable among those responsible therefor, or to permit, after release of one, in a trial against the other, who has not been released, a contention upon the merits of the main issue, to establish that one was liable and the other not.

It is sufficient that the plaintiff made claim for a real injury against the railway company, and that upon such claim it was settled, and satisfaction received. Plaintiff here is to be treated as having maintained such claim in good faith against the company for the precise injury which is the subject-matter of his subsequent action against defendant, and to have elected to receive his whole damages upon his previous settlement, with which he must be content. The law will not permit use of its processes to secure more than the just compensation to which an injured party is entitled, and it follows that plaintiff's settlement with the railway company, his acceptance of the amount paid, and his satisfaction are a release of any other person who may afterwards be charged with the responsibility for the same injury. The demurrer should have been overruled. Leddy v. Barney, 139 Mass. 394, 2 N. E. 107; Seither v. Philadelphia, 125 Pa. St. 397, 17 Atl. 338; Tompkins v. Clay, 66 Cal. 163, 4 Pac. 1165.

Order reversed.