## HENRY ALMQUIST v. ARCHA E. WILCOX.[1]

June 16, 1911.

Nos. 17,056—(148).

**Death by wrongful act — settlement.**

The right of action given by section 4503, R. L. 1905, for the wrongful death of a person, creates one single, indivisible cause of action; and a recovery against, or settlement with, one of the wrongdoers, is a bar to a subsequent action against others whose wrongful conduct may have contributed to cause the death.

Action in the district court for Hennepin county by the administrator of the estate of Joel Bengston, deceased, to recover $5,000 for negligence in trepanning the skull of his intestate in failing to

[1]Reported in 131 N. W. 796.

[Note] Several actions for wrongful death, see notes in 34 L.R.A. 788; and 8 L.R.A.(N.S.) 384.

remove the gauze in dressing the wound, by reason of which a tumor was formed on the brain, as a result whereof intestate died. The answer, for a defense, alleged a settlement by plaintiff with James L. Robinson, the employer whose negligence caused the injury to decedent. From an order, Holt, J., sustaining plaintiff's demurrer to that defense, defendant appealed. Reversed.

*Morton Barrows* and *Arthur A. Stewart,* for appellant.
*Olof L. Bruce* and *W. M. Babcock,* for respondent.

BROWN, J.

Plaintiff's intestate was in the employ of one Robinson and engaged in tearing down an old livery barn in the city of Minneapolis. He received an injury while so engaged, solely by reason of the negligence of his employer, from which he subsequently died. Plaintiff was duly appointed administrator of his estate, and as such duly made claim against the employer for his wrongful death. The validity of the claim was recognized, and a settlement was effected by which plaintiff was paid the sum of $350 in full for all damages sustained. The settlement was reported to the probate court and by that tribunal approved. A formal written acknowledgment of the settlement, and of the receipt of the money, was executed by plaintiff, and therein said employer, Robinson, was released from any further liability. The settlement and payment of the money was effected March 24th, 1909. Thereafter, on June 30, 1910, plaintiff brought the present action against defendant, the physician who attended decedent after his injury, charging carelessness, unskilfulness, and negligence in the treatment rendered, in consequence of which decedent failed to recover from his injury, and, further, that if the treatment had been carefully and skilfully rendered decedent would have recovered. Defendant interposed as a defense to the action the settlement with Robinson, the employer whose negligence caused the injury. Plaintiff demurred to the defense, and defendant appealed from an order sustaining it.

We are of opinion, and so hold, that the settlement with Robinson completely extinguished plaintiff's cause of action, and that the demurrer to the answer should have been overruled. The action is

statutory (section 4503, R. L. 1905), and in no respect founded upon, governed, or controlled by the rules of the common law applicable to personal torts. Undoubtedly decedent, had he recovered from his injuries, could have maintained an action against one or both of the wrongdoers; but rights of that character are personal, and do not survive to heirs or personal representatives. However, the rules of the common law are in no way involved, and we need not extend the opinion by a discussion of the relative rights and liabilities of parties in that respect. Our statutes provide for an action for the wrongful death of a person, vesting it in the personal representative for the benefit of the next of kin. One cause of action is created, and one only, and all persons whose wrongful act contributed to cause the death may be joined as defendants therein. The cause of action is single and indivisible, and a recovery against, or settlement with, one of the wrongdoers is a bar to an action against all others. Leddy v. Barney, 139 Mass. 394, 2 N. E. 107; Hubbard v. St. Louis, 173 Mo. 249, 72 S. W. 1073; Packard v. Hannibal, 181 Mo. 421, 80 S. W. 951, 103 Am. St. 607; Hartigan v. Southern Pacific, 86 Cal. 142, 24 Pac. 851.

In other words, there is one wrong, and the cause of action therefor, being single, cannot be split and separate recoveries had. 23 Cyc. 446, and cases cited. The wrong complained of, and the foundation of the action, is the death of decedent; not the injuries to his person, for which no recovery can be had, and the damages are limited to the loss sustained by the next of kin. This constitutes a single cause of action. 13 Cyc. 327. If the theory that all who contribute to cause the death in such a case may, at the election of the administrator, be sued jointly or severally, no logical reason could refuse a recovery against each for the full amount allowed by statute. This, of course, could not be done. The settlement with Robinson, therefore, wholly extinguished the cause of action, and that fact constitutes a complete defense to the present action. Hartigan v. Dickson, 81 Minn. 284, 83 N. W. 1091. See also authorities collected in note to Snyder v. Mutual, (135 Iowa, 215, 112 N. W. 776) 14 L.R.A.(N.S.) 321.

The authorities cited by plaintiff's counsel are not in point. All

thereof, save one, involved rights arising at common law, and were not founded upon a statute creating a liability for the wrongful death of a person.

Order reversed.