## RUBY HOLCOMBE PEDERSON v. R. M. EPPARD.[1]

June 27, 1930.

No. 27,503.

[1]Reported in 231 N. W. 393.

48

*Baldwin, Baldwin, Holmes & Mayall,* for appellant.
*Lathers & Hoag* and *Theodore Hollister,* for respondent.

DIBELL, J.

Action for malpractice. Plaintiff moved to strike a certain portion of the answer as sham, frivolous, and irrelevant. The motion was granted. The defendant appeals.

■ A sham answer is a false answer. To justify striking it its falsity must be clear. 5 Dunnell, Minn. Dig. (2 ed.) § 7667, et seq.

■ A frivolous answer is one the insufficiency of which is apparent upon bare inspection without argument. It cannot be stricken unless it so appears. 5 Dunnell, Minn. Dig. (2 ed.) § 7668, et seq.

■ The third ground of the motion, the alleged irrelevancy of the matter stricken, more directly reaches the merits. To be irrelevant the pleading must have no material relation to the case; and here too the pleading should not be stricken unless the pleading to which the motion is directed is clearly, or as is sometimes said indisputably, irrelevant to the issue. 5 Dunnell, Minn. Dig. (2 ed.) § 7652, et seq.

■ The facts necessary to consider in determining the motion are about as follows: On December 9, 1926, the plaintiff fell on a street in Cloquet and sustained a fracture of her right leg. She was treated by the defendant for the injury. On March 1, 1927, after the defendant's services had ended, the plaintiff settled her claim against the city of Cloquet for $200 and was paid this sum by the city and a release in the following form was given:

"Know all men by these presents, that I, Ruby Elleanor Holcombe, of the city of Cloquet, Carlton county, Minnesota, in consideration of the sum of two hundred and no/100 ($200.00) dollars, to me paid, the receipt whereof is hereby acknowledged, do hereby and forever discharge the city of Cloquet, a municipal corporation, Carlton county, Minnesota, its successors and assigns, from all debts, claims, de-

mands, damages, actions and causes of action, whatsoever, which I now have or may hereafter have, and which have arisen out of, by reason of, or in any manner have grown out of injuries sustained by me, including injuries to me known and unknown, which I have sustained, suffered, or may sustain or suffer by reason of falling on a sidewalk on the south side of Cloquet avenue in front of or near what is known as the 'Berg' building situated south of and facing said Cloquet avenue, and east of Twelfth street, in said city of Cloquet, Carlton county, Minnesota, on or about December ninth (9), 1926.

"In witness whereof, I have hereunto set my hand and seal this 1st day of March, 1927.

"Ruby Elleanor Holcombe (Seal)"

The portion of the answer which alleged the release as a defense was stricken, together with the allegation following, to the effect that "by the said compromise and settlement * * * plaintiff released and discharged any claims which she might otherwise make against this defendant." Unless the release and this portion of the answer were clearly insufficient as a defense—unless they were insufficient as a pleading of defensive facts—they should not have been stricken.

The cause of action which the plaintiff had against the city for negligence was a single one. The cause of action which she had against the defendant for malpractice was a single one. The two parties, the city and the defendant, and the two causes of action could not be joined. McGannon v. C. & N. W. Ry. Co. 160 Minn. 143, 199 N. W. 894. The defendant Eppard was liable only for the damages which his negligence caused. Korman v. Hagen, 165 Minn. 320, 206 N. W. 650. The city was liable only for the damages caused by its negligence; but if the damages were enhanced by the negligence of her physician and she was not negligent in selecting him, the city was liable for the enhanced damages arising from the original injury caused by its negligence; or, in another way, all the damages which she suffered were in such case the proximate result of the defendant's negligence. Goss v. Goss, 102 Minn. 346,

113 N. W. 690; Fields v. Mankato E. T. Co. 116 Minn. 218, 133 N. W. 577.

If the plaintiff had settled with the defendant for his negligence, the settlement would not be a bar to an action by her against the city, but in such case only the damages caused by the city could be recovered; and the difficulty, whatever it might be, of limiting the damages to those caused by the city would have to be met. Viou v. Brooks-Scanlon Lbr. Co. 99 Minn. 97, 108 N. W. 891, 9 Ann. Cas. 318. So if the plaintiff settled with the city and the settlement included all the damages suffered, including those which were the result of the defendant's negligence, it may be that the city would be entitled to recover the amount of the damages caused by the defendant. Fisher v. Milwaukee E. R. & L. Co. 173 Wis. 57, 180 N. W. 269.

The defendant cites Hartigan v. Dickson, 81 Minn. 284, 83 N. W. 1091. That case goes on a different principle. The plaintiff suffered an injury while in the employ of the Great Northern Railway Company and settled with the railway for his cause of action. He then brought suit against the defendant Dickson, the foreman, whose personal negligence caused the injury. It was held that he could not maintain the action. The case is clearly distinguished. Both were liable. They might have been joined in a suit. A settlement with one was a settlement of the whole action. The defendant relies upon Almquist v. Wilcox, 115 Minn. 37, 131 N. W. 796. The action was for malpractice. The plaintiff's intestate died as the result of his employer's negligence. There are expressions in the opinion favorable to the defendant; but the opinion went upon the theory that there was a single statutory created cause of action and the settlement discharged it. This is not such a case. The plaintiff relies upon Viita v. Fleming, 132 Minn. 128, 155 N. W. 1077, L. R. A. 1916D, 644, Ann. Cas. 1917E, 678. There the injury was under the workmen's compensation act. The employer was not charged with negligence. It was bound under the compensation act to pay compensation. The compensation paid did not include damages for malpractice. See White v. Matthews, 221 App. Div.

551, 224 N. Y. S. 559; Hoehn v. Schenck, 221 App. Div. 371, 223 N. Y. S. 418. So in a case for an injury, where malpractice was claimed, it seems clear that a verdict for the plaintiff would have nothing to do with determining the fact of malpractice.

In Retelle v. Sullivan, 191 Wis. 576, 578, 211 N. W. 756, 757, 50 A. L. R. 1106, the employer and the insurance carrier were released

"from all actions, causes of action and demands of every kind and nature which I now have, claim to have, or may hereafter claim to have against either or both of them arising out of or on account of said injury."

There was evidence that the result of the injury was largely the fault of the physician, and the liability of the employer to respond in damages for the total injury was not denied. In commenting upon the release and its effect upon an action by the plaintiff against the physician, the court said [191 Wis. 579]:

"If prior to such settlement with Allison [employer] plaintiffs had a claim for damages against the defendant, such claim passed from them to Allison or his insurance carrier upon such settlement, and since said transaction they have not had, and do not now have, any claim against the defendant. By their release they acknowledged full satisfaction for all damages resulting from the broken arm and they cannot have two recoveries for the same damages."

The issue in that case arose upon a demurrer to the answer. Here the issue is upon the motion to strike out the release which the defendant pleaded. If the statement of law quoted be adopted as the rule the release should not be stricken. Neither does the release pleaded determine the case in favor of the defendant as the record now stands. There is a possible reply.

We hesitate to hold that the release may not be relevant upon the trial, and we feel that the issues should be determined otherwise than upon the motion made. Whether anything, and if so how much, was included in the settlement for the wrong of the defendant may or may not be for consideration at the trial. We

determine the question upon a strict construction against the motion. At the trial there may be questions not now apparent.

The cases are collected in 8 A. L. R. 503, 506; 39 A. L. R. 1268.

Whether the parol evidence rule permitting strangers to a writing to show the real transaction applies is not discussed. See 2 Dunnell, Minn. Dig. (2 ed.) § 3396.

Order reversed.