AIMEE F. SMITH v. ARTHUR T. MANN.[1]

November 20, 1931.

No. 28,588.

[1]Reported in 239 N. W. 223.

*Bessesen & Bessesen* and *Dodge & Jackman,* for appellant.

*Cobb, Hoke, Benson, Krause & Faegre, Rex H. Kitts,* and *C. P. Randall,* for respondent.

STONE, J.

Plaintiff appeals from an adverse judgment ordered on the pleadings.

Defendant is a physician and surgeon who treated plaintiff for injuries sustained by her in a sidewalk accident in Minneapolis, April 5, 1928. He is charged with malpractice for which plaintiff asks damage. In addition to the general issue, defendant by answer pleaded a general release by plaintiff of the city of Minneapolis and certain other alleged joint tortfeasors whom plaintiff had first sued for the damages resulting from the accident. By reply plaintiff admitted the settlement and dismissal of that action and her general release of the defendants therein. Her allegations attempting to restrict the operation of her settlement and release to the defendants in the first action and to exclude the present defendant were stricken as mere conclusions of law and frivolous. Judgment for defendant was ordered because it was considered that plaintiff's general release of those originally responsible for her injury operated as matter of law to release defendant also from liability for any aggravation of plaintiff's condition caused by his negligent treatment of her, if such there was.

For plaintiff it is conceded, necessarily, that an injured party who has accepted satisfaction, "from whatever source it may come," cannot recover again for the same injury. Hartigan v. Dickson, 81 Minn. 284, 83 N. W. 1091. For additional authorities, here and elsewhere, see 5 Dunnell, Minn. Dig. (2 ed. & Supp.) § 8373. But, argue counsel for plaintiff, "where the release of the original tortfeasor does not show that the damage done by the attending physician, called through no negligence by the injured party, was included in the release, the release is not a bar to an action against the physician for malpractice. The release is not

conclusive when stated in general terms, but is subject to reply and explanation."

The law is rather definitely settled to the contrary. Goss v. Goss, 102 Minn. 346, 113 N. W. 690, 692, was an action for personal injury, and the verdict for the plaintiff was challenged as excessive. There was a question whether the damage had been aggravated by the negligence of an attending surgeon. The charge in that particular was assigned as error. It was approved because, as stated by Mr. Chief Justice Start [102 Minn. 351]:

"The general rule given by the trial court was correct; for, where one person is injured by the wrong or negligence of another, and he himself is not negligent in the selection of a medical attendant, the wrongdoer is liable for all the proximate results of his own act, although the consequences of the injury would have been less serious than they proved to be if the attendant had exercised proper professional skill and care."

The "general rule" so stated was reaffirmed and followed in Fields v. Mankato E. T. Co. 116 Minn. 218, 133 N. W. 577. There is an almost unanimous current of authority elsewhere to the same effect. See annotations, 8 A. L. R. 506; 39 A. L. R. 1268. In T. & P. Ry. Co. v. Hill, 237 U. S. 208, 35 S. Ct. 575, 59 L. ed. 918, an action for damages for personal injury, the Supreme Court of the United States approved an instruction to the effect that the defendant was absolved from liability for damages resulting from the intervening malpractice of surgeons only in the event that plaintiff had failed to exercise reasonable care in their selection or thereafter in following their advice.

The rule thus so well established prevents our adoption of the argument for plaintiff that in such a case as this "the release is not conclusive when stated in general terms, but subject to reply and explanation," and open to proof that the aggravation of the damage caused by the malpractice of the attending physician, if any, was not intended to be included, and so the release is not a bar to an action against him. The release, under the applicable law, plainly discharged whatever right of action plaintiff, as releasor, had on

account of all damage for which the releasees were liable. That, as we have seen, included any aggravation of the injury caused by the negligence or malpractice of the attending physician. That ends the matter, and there is now no remaining cause of action against the latter. Moreover, plaintiff could not by parol evidence so limit the effect of her release as to retain a cause of action against defendant. Martin v. Setter, 184 Minn. 457, 239 N. W. 219.

Plaintiff's general release operated not only in personam on the releasees and their liability, but also in rem on the releasor's cause of action. The decisive thing now is not whether plaintiff actually released this defendant, or intended to do so, or got full compensation, but rather and only whether she has discharged her whole cause of action. That she did so is plain. The destruction of it is the primary result from which follows necessarily the secondary one of releasing all the wrongdoers, whether their wrongs were concurrent or successive. The entire cause of action being gone, no one can remain liable. It has been so ruled in Edmondson v. Hancock, 40 Ga. App. 587, 151 S. E. 114; Hooyman v. Reeve, 168 Wis. 420, 170 N. W. 282; Retelle v. Sullivan, 191 Wis. 576, 211 N. W. 756 (annotated, 50 A. L. R. 1106, § 8); Martin v. Cunningham, 93 Wash. 517, 161 P. 355, L. R. A. 1918A, 225; Keown v. Young, 129 Kan. 563, 283 P. 511.

The only case cited to the contrary is Wheat v. Carter, 79 N. H. 150, 106 A. 602. The holding was that the release of the original tortfeasor in and of itself was not a bar for the attending physician, but left open to be determined by proof the question whether the releasor had in fact been compensated for the loss arising from his negligence. In this case the learned trial judge entertained so much of a similar view that he reluctantly ordered judgment for defendant, saying in doing so that he was conforming with, but protesting against, the law as he found it to be. Frankly, he invited reversal. We cannot accept the invitation, because we find the law too definitely set the other way. Besides, the rule of Wheat v. Carter, 79 N. H. 150, 106 A. 602, if adopted, would leave the matter wholly at large. In all cases the release of the original tortfeasors, however general and all-inclusive, would be open to

explanation by parol testimony as to its effect on the liability of physician and surgeon.

We appreciate the difficulties of the situation and that injustice may sometimes result from the present rule. But nevertheless we do not feel at liberty to hold that it is otherwise than as we have stated it. While individuals are not always charged with knowledge of the law, they cannot escape the necessary legal effect of their acts. If the instrument be in fact a release, it discharges all parties liable for the injury. If in such a case as this it is desired to come to an accommodation with the original wrongdoer, saving to the injured person a cause of action, if any, against the attending physician or surgeon, it may be done by the use of a covenant not to sue. Musolf v. Duluth E. E. Co. 108 Minn. 369, 122 N. W. 499, 24 L.R.A. (N.S.) 451; Joyce v. Massachusetts R. E. Co. 173 Minn. 310, 217 N. W. 337; 5 Dunnell, Minn. Dig. (2 ed. & Supp.) § 8368.

Pederson v. Eppard, 181 Minn. 47, 231 N. W. 393, was an action for malpractice in treating the plaintiff for injuries resulting from an accident. The appeal was from an order striking from the answer as "sham, frivolous and irrelevant" allegations showing a release of the original wrongdoer, and there was a reversal. We are cited also to Almquist v. Wilcox, 115 Minn. 37, 131 N. W. 796, and Viita v. Fleming, 132 Minn. 128, 155 N. W. 1077, L. R. A. 1916D, 644, Ann. Cas. 1917E, 678. They are not much in point because of the distinctions pointed out in Pederson v. Eppard, 181 Minn. 47, 231 N. W. 393.

Judgment affirmed.