MALVA J. AHLSTED v. WILLIAM E. HART AND ANOTHER.[1]

October 22, 1937.

No. 31,225.

[1]Reported in 275 N. W. 404.

*Loren Risk* and *Tautges, Eichelzer & Tautges,* for appellant.

*Ernest E. Watson* and *Silas S. Larson,* for respondent William E. Hart.

*E. A. Linnee,* for respondent W. P. Anderson.

HOLT, JUSTICE.

Defendants are surgeons, and plaintiff sued to recover for malpractice, alleging that when employed to treat her for a gunshot wound in her leg they negligently and needlessly amputated the leg above the knee. Defendants separately pleaded a release. Plaintiff replied, alleging matters in avoidance, which were stricken as sham and frivolous, and judgment ordered for defendants. Plaintiff appeals from the judgment.

For an understanding of the legal problems presented, the following summary of the proceedings taken and the pleadings involved must suffice. In October, 1932, on a pheasant hunt, plaintiff was wounded in her leg by the discharge of a gun in the hands of one of her companions, Roy A. Strandmark. Later the two became engaged to marry; but before August, 1934, Strandmark repudiated the engagement. Plaintiff then brought suit against his parents, his aunt and her husband for damages for alienating Strandmark's affections; and a week later, in September, 1934, she sued Strandmark for damages for breach of his agreement to marry her. Matters in aggravation of damages were pleaded, among which was this: "and well knowing that he had wilfully, carelessly, and negligently, and through his [Strandmark's] gross negligence and carelessness previously caused a gun to explode which resulted in the amputation of the plaintiff's left limb, and well knowing that he would leave this plaintiff handicapped," etc., he notified her on July 12, 1934, that he would not marry her as agreed; and she thus summed up the conduct of Strandmark toward her: "That her nervous system has become greatly impaired, and the nervous shock caused thereby has caused her to become ill and her health has be-

come greatly impaired and she has become handicapped and unable to earn a livelihood, and she will be unable to earn a livelihood as long as she may live." Because of "the facts and circumstances above set forth," she alleged she has been damaged in the sum of $15,000. A few days after the commencement of these two actions she began this action for malpractice in treating the gunshot wound of October, 1932. By an instrument dated September 20, 1934, executed by plaintiff as party of the first part and Strandmark as party of the second part, the parties recited that they desired to settle the alienation suit and the breach of promise suit without litigation, and then the document proceeds:

"Party of the first part agrees to and hereby does release the defendants in the above mentioned actions of all liabilities thereinunder and does hereby dismiss both of said actions with prejudice but without costs to either party; party of the first part further promises not to molest or bother the party of the second part or the other defendants relative to the matter herein involved from this date on;

"The party of the first part feeling that the injury to her leg now borne by her was purely accidental she does hereby release said party of the second part from any and all claims, damages or liabilities thereunder whatsoever."

Then the consideration of $800 in cash and the delivery of a Plymouth automobile is acknowledged in the release, and it recites:

"It is understood by both parties hereto, that above payments are in complete satisfaction of any and all claims for damages the said party of the first part may at this date claim against party of the second part or his parents or his uncle and aunt, Mr. and Mrs. Fritz Carlson, whatsoever."

When the defendants ascertained that this release had been executed they amended their answers so as to plead it *in haec verba* as a defense. Plaintiff replied. The paragraphs in the replies attacked by defendants' motions to strike as sham, frivolous, irrelevant, and conclusions of law may be summarized thus: That plain-

tiff never had or claimed to have any demand or cause of action against Roy A. Strandmark on account of the gunshot wound in her leg; but she had always conceded that said injuries were purely accidental and without legal fault on his part and that she had at no time claimed, received or accepted compensation from Strandmark or any other person on account of such injuries or in satisfaction thereof; that if she executed an instrument in writing purporting to release Strandmark from liability for said injuries there was no consideration therefor, and that the sole consideration for the instrument was the settlement of certain other claims against Strandmark and others, which claims were wholly unrelated to bodily injury in the treatment of which she alleges malpractice of defendants, and if there was any reference to bodily injury in the release it was merely to emphasize the fact that Strandmark was not a tortfeasor in causing such bodily injury; that plaintiff never knowingly or intentionally released defendants from liability for the malpractice charged, and that it was represented to her by Strandmark, his attorney, and her own representatives, that the execution of the release in no manner impaired or barred her action against defendants; that she relied thereon and was thereby induced to sign the same, and if the legal effect is otherwise the release is fraudulent as to her; and, lastly, that the alleged release was executed by the parties under a mutual mistake of fact and law as to the legal effect thereof upon her action against defendants. The court struck the paragraphs mentioned on the grounds stated in the motions by order filed June 24, 1935, and granted judgment on the pleadings, as so purged, in favor of defendants for costs. Before the order was made plaintiff commenced an action against Strandmark to reform the release. Strandmark demurred. The demurrer was overruled. Thereupon these defendants were permitted to intervene. Plaintiff thereafter moved the court to vacate the order filed June 24, 1935, and for a rehearing of the motion to strike the paragraphs in the reply to be had after determination of the reformation suit, and, in the meantime, for a stay of all proceedings in the malpractice suit. The motion of plaintiff was denied, judgment was entered, and plaintiff appeals.

Did the court err in striking out as sham, frivolous, and irrelevant the paragraphs in the replies which sought to avoid the release pleaded as a defense in the answers? It was thoroughly disclosed by the above quoted part of the complaint in the breach of promise suit that the allegations in the replies were false, that plaintiff never claimed that the gunshot wound which defendants treated was inflicted by any negligent conduct of Strandmark. Moreover, Strandmark's affidavit stands uncontradicted that he paid the hospitalization and doctors' bills incurred on account of the gunshot wound at a time when Strandmark could not be even considered as interested in her as a fiancé, for plaintiff had not then been divorced from her first husband. Also, completely disposed of as false are the allegations in respect to fraud in the release of all claims against Strandmark and ignorance of plaintiff in respect of the contents of the release; for, by her own affidavit as well as of the attorneys on both sides in the breach of promise suit, the paragraph in the release referred to was discussed and considered with some care. Frivolous and mere conclusions of law must be considered the allegations that the instrument signed by her and Strandmark was of no effect as a release and was without consideration, there being a receipt of consideration recited therein and not disputed. There only remains the alleged mutual mistake of facts and law. No facts as to which the parties labored under mistake are alleged in the replies. No mutual mistake as to law is suggested other than instead of the release as it reads it was considered equivalent to a covenant by plaintiff not to sue Strandmark as having tortiously caused the injury which led to defendants' treatment of her leg. It is unreasonable to charge competent and experienced attorneys of such mistake of law, even were it available. The language of the release of all claims against Strandmark, whether good or bad, is plain and unambiguous. It cannot be that when a release of a claim has been for value executed its effectiveness may thereafter be defeated by proof that the claim was not a valid or meritorious claim.

In this state the law should be considered settled that "where one person is injured by the wrong or negligence of another, and he

himself is not negligent in the selection of a medical attendant, the wrongdoer is liable for all the proximate results of his own act, although the consequences of the injury would have been less serious than they proved to be if the attendant had exercised proper professional skill and care." Goss v. Goss, 102 Minn. 346, 351, 113 N. W. 690. The rule was again thoroughly considered and applied in a case very similar to the one at bar in Smith v. Mann, 184 Minn. 485, 239 N. W. 223. In addition to the cases there cited and discussed, the following may be given as applying the same rule as this court: Feinstone v. Allison Hospital, Inc. 106 Fla. 302, 143 So. 251; Phillips v. Werndorff, 215 Iowa, 521, 243 N. W. 525; Paris v. Crittenden, 142 Kan. 296, 46 P. (2d) 633; Muse v. DeVito, 243 Mass. 384, 137 N. E. 730, 731; Wells v. Gould, 131 Me. 192, 160 A. 30; Milks v. McIver, 264 N. Y. 267, 190 N. E. 487. The following quotation from Muse v. DeVito, *supra,* is pertinent in the present case [243 Mass. 389]:

"In the application of this rule of law, where the release is absolute and unconditional, it must be given its full effect, and cannot be varied by parol evidence introduced to show that the plaintiff intended to reserve whatever rights she had against defendant. Boston Supply Co. v. Rubin, 214 Mass. 217, 221, 101 N. E. 133. Nor is it material whether McMaster, from whom she obtained a settlement in good faith, would have been legally liable for the injury."

And in Brewer v. Casey, 196 Mass. 384, 389, 82 N. E. 45, 46, the court stated:

"In the application of this principle, if in good faith a claim is made against one of the alleged wrongdoers, who is thereafter discharged by a compromise, all are thereby released, even if the party with whom the settlement is made might not have been legally liable."

Plaintiff relies on Viita v. Fleming, 132 Minn. 128, 155 N. W. 1077, L. R. A. 1916D, 644, Ann. Cas. 1917E, 678, and Pederson v. Eppard, 181 Minn. 47, 231 N. W. 393. In the first named case plaintiff was under the workmen's compensation act, and what the

employer shall pay for accidental injuries is determined by the statute; the compensation does not arise from the employer's tort, but is a matter of contract under the applicable statutory provisions. Pederson v. Eppard was an action for malpractice in treating plaintiff for an injury from a fall on a defective sidewalk, where defendant pleaded in defense a release obtained by the city from the plaintiff on payment of $200. Plaintiff's motion to strike that part of answer as sham, frivolous, and irrelevant was granted, but on appeal the order was reversed. However, Goss v. Goss, 102 Minn. 346, 113 N. W. 690, was adhered to. The only comfort plaintiff herein can find in the decision is the suggestion that if the city had paid the plaintiff in the Pederson case all damages suffered, including those for malpractice, it may be that the city would be entitled to recover of the doctor the amount of the damages caused by his negligence. There is in this case at bar no suggestion that the release was given or received for a wrongful use or purpose or that fraud entered into its procurement. We think the court rightly struck out the indicated paragraphs of the replies as sham, frivolous, and irrelevant and ordered judgment for costs on the pleadings. There is a line of decisions to the effect that the object and purpose of a release may be shown by parol to be other than what it purports on its face. They may be found in 104 A. L. R. 840 to 864 (annotation to Colby v. Walker, 86 N. H. 568, 171 A. 774). But our decisions are firmly against varying the plain language of written instruments by oral testimony.

The other proposition urged by plaintiff is that the court erred not only in adhering to the conclusion reached in the order filed June 24, 1935, but in refusing to stay the instant case until the termination of the reformation suit. And as indication of error and abuse of discretion the overruling of the demurrer of Strandmark to plaintiff's complaint in the reformation suit is pointed to. There is this difference to be noted in respect to what the court was permitted to consider in ruling on the motion to strike from plaintiff's replies in this suit and what could be considered on the demurrer. The motion to strike was supported and opposed by numerous affidavits and what had taken place between the parties

in regard to the matters involved. On the demurrer nothing could be considered except the allegations of plaintiff's complaint, which had to be accepted as true no matter how false in fact they might be. It is no doubt true that courts are and should be inclined to stay an action at law depending upon a written instrument when there is a suit in equity pending to reform such instrument, unless it is reasonably certain that no reformation can be granted. We are of opinion that, upon the facts conclusively shown and the established law in this state, plaintiff has no chance of reforming the release or any part thereof. We have not overlooked the contradictory affidavits of Strandmark, nor the affidavits of the attorneys of the parties who framed and witnessed the release. But the fact remains that the matter was thoroughly discussed and the wording of the release fully considered, and the charges in the complaint in the action against Strandmark had been made, whether subsequently acknowledged unfounded or not, so that he desired to be and was released therefrom. There was no abuse of discretion in refusing the stay.

The judgment is affirmed.

