# NORBERG G. BENESH v. SADIE GARVAIS AND ANOTHER.[1]

November 16, 1945.

No. 34,003.

[1]Reported in 20 N. W. (2d) 532.

2

*Theodore W. Thomson,* for appellant.

*Snyder, Gale, Hoke, Richards & Janes* and *Nathan Cobb,* for respondent.

MAGNEY, JUSTICE.

Action was brought for a declaratory judgment on the facts as presented. The court made findings favorable to plaintiff. Judgment was entered, and defendant Sadie Garvais appeals.

On October 18, 1941, defendant Garvais was injured while alighting from a streetcar. She employed plaintiff in this case, Norberg G. Benesh, a physician and surgeon, to treat her for her injuries. These treatments were completed in 1941. In such treatment Benesh used an electrical apparatus. Miss Garvais claims that on or about November 11, 1941, she received burns from the apparatus.

On January 19, 1942, Miss Garvais commenced an action against defendant Minneapolis Street Railway Company in which she alleged that her injuries were sustained by reason of its negligence. Trial of the case began May 14, 1942. The jury returned a verdict in her favor for $300. She claimed inadequacy of the verdict, but her motion for a new trial was denied September 14, 1942. On November 23, 1942, she and the company entered into a stipulation by the terms of which she released and discharged the street railway company "from all claims, demands, actions or causes of action, for all injuries or damages, whether at this time known or unknown, arising or to grow out of the said accident referred to

above." The parties stipulated for entry of judgment for $328.25. This sum represented the face amount of the verdict, plus interest then due on the verdict, plus costs and disbursements to which Miss Garvais was entitled. Judgment was entered in accordance with the terms of the stipulation. It was paid. Satisfaction of the judgment, executed by Miss Garvais, was filed December 11, 1942.

Neither in the pleadings in the street railway case nor in the evidence was there any mention of the burns which Miss Garvais claims she suffered through the negligence of plaintiff here. On June 5, 1942, after the verdict in the street railway case had been rendered, but while that suit was still pending, she brought a malpractice action against plaintiff herein. In his answer in that action, he admitted that he undertook to treat Miss Garvais with an electrical apparatus, but denied that he did so negligently. After the judgment in the street railway case had been paid, Benesh was permitted to interpose an amended and supplemental answer alleging that, by reason of the execution of the general release by Miss Garvais and the entry and satisfaction of the judgment, her whole cause of action had been discharged and that Benesh had been relieved from any liability in the malpractice action. Miss Garvais, by means of various proceedings to which Benesh was not a party, has attempted to avoid the effect of her general release. Benesh thereupon brought this action under the declaratory judgments act for a determination of the rights of the parties.

The trial court was of the opinion, and so held, that the general release executed on November 23, 1942, by Sadie Garvais in favor of the Minneapolis Street Railway Company is a valid release for a good consideration of all her claims for injuries or damages arising or to grow out of the streetcar accident, and that the legal effect thereof was to discharge her whole cause of action and thereby to release Benesh from any liability on account of any occurrences in the course of his treatment of her injury. It also held that the satisfaction of the judgment entered on December 1, 1942, in her favor and against the street railway company had the same legal effect.

In several cases this court has considered substantially the same question raised by this appeal. In Goss v. Goss, 102 Minn. 346, 351, 113 N. W. 690, 692, the rule was stated as follows:

"* * * where one person is injured by the wrong or negligence of another, and he himself is not negligent in the selection of a medical attendant, the wrongdoer is liable for all the proximate results of his own act, although the consequences of the injury would have been less serious than they proved to be if the attendant had exercised proper professional skill and care. Watson, Dam. § 136."

This rule was followed and applied in Fields v. Mankato E. T. Co. 116 Minn. 218, 133 N. W. 577; Pederson v. Eppard, 181 Minn. 47, 231 N. W. 393; Smith v. Mann, 184 Minn. 485, 239 N. W. 223; Ahlsted v. Hart, 201 Minn. 82, 275 N. W. 404; Serr v. Biwabik Concrete Aggregate Co. 202 Minn. 165, 186, 278 N. W. 355, 366, 117 A. L. R. 1009; McGough v. McCarthy Improvement Co. 206 Minn. 1, 9, 287 N. W. 857, 861-862; Driessen v. Moening, 208 Minn. 356, 360, 294 N. W. 206, 208; Philips v. Aretz, 215 Minn. 325, 328, 10 N. W. (2d) 226, 228. In this state, therefore, the law should be considered settled. In T. & P. Ry. Co. v. Hill, 237 U. S. 208, 35 S. Ct. 575, 59 L. ed. 918, the Supreme Court of the United States approved an instruction to the effect that the defendant was absolved from liability for damages resulting from the intervening malpractice of surgeons only in the event that plaintiff had failed to exercise reasonable care in their selection or thereafter in following their advice.

Defendant Garvais in her brief concedes that the rule as stated in Smith v. Mann, 184 Minn. 485, 239 N. W. 223, *supra,* is not only the law in Minnesota, but in the majority of states. She questions the correctness of the rule, and asserts in effect that, even if it be the established rule in this state, certain facts in the instant case make it an exception. In her complaint against the street railway company no claim was made to recover for any burns; and in the trial of her action against that company no mention was made of

any burns received during the treatment for her injuries. Therefore, she claims that the only recovery that she did make against the street railway company was for injuries she sustained through the negligence of the company. She asserts that she did not claim and did not receive any compensation for the aggravation, and that consequently the release and satisfaction could not possibly include the injuries for malpractice. She suggests that the basis for the rule of law which we have quoted is to prevent one person from recovering twice for the same injury, and that since in this case she could not possibly recover for the same injury, because she refrained from claiming or proving aggravation of her injuries through malpractice, there is no basis for applying the rule here. It presents a plausible argument. In Smith v. Mann, 184 Minn. 487, 239 N. W. 224, *supra,* where somewhat the same argument was presented to this court, it was said in considering the same:

"The rule thus so well established prevents our adoption of the argument for plaintiff that in such a case as this 'the release is not conclusive when stated in general terms, but subject to reply and explanation,' and open to proof that the aggravation of the damage caused by the malpractice of the attending physician, if any, was not intended to be included, and so the release is not a bar to an action against him. The release, under the applicable law, plainly discharged whatever right of action plaintiff, as releasor, had on account of all damage for which the releasees were liable. That, as we have seen, included any aggravation of the injury caused by the negligence or malpractice of the attending physician. That ends the matter, and there is now no remaining cause of action against the latter. Moreover, plaintiff could not by parol evidence so limit the effect of her release as to retain a cause of action against defendant. Martin v. Setter, 184 Minn. 457, 239 N. W. 219, 80 A. L. R. 471."

The court then went on to say (184 Minn. 488, 239 N. W. 224):

"Plaintiff's general release operated not only in personam on the releasees and their liability, but also in rem on the releasor's cause

of action. The decisive thing now is not whether plaintiff actually released this defendant, or intended to do so, or got full compensation, but rather and only whether she has discharged her whole cause of action. That she did so is plain. The destruction of it is the primary result from which follows necessarily the secondary one of releasing all the wrongdoers, whether their wrongs were concurrent or successive. The entire cause of action being gone, no one can remain liable. [Citing cases.]

\* \* \* \* \*

"\* \* \* If the instrument be in fact a release, it discharges all parties liable for the injury. If in such a case as this it is desired to come to an accommodation with the original wrongdoer, saving to the injured person a cause of action, if any, against the attending physician or surgeon, it may be done by the use of a covenant not to sue. [Citing cases.]"

The law must be considered settled in this state. We see no reason for adopting a different view.

Affirmed.

[1]Reported in 20 N. W. (2d) 539.