Russell McClure, Bertha M. McClure, Gladys Lynn, and Mabel Claxton, Plaintiffs-Appellants, v. Frank Lence, Defendant-Appellee.

Term No. 52–O–11.

Opinion filed January 30, 1953. Released for publication March 4, 1953.

R. W. HARRIS, of Marion, and FORD L. RENDLEMAN, of Anna, for appellants.

R. WALLACE KARRAKER, of Jonesboro, and HAROLD N. LINGLE, of Anna, for appellee.

MR. JUSTICE SCHEINEMAN delivered the opinion of the court.

This is a suit under the Illinois Dram Shop Act, par. 135, ch. 43, Ill. Rev. St. [1951; Jones Ill. Stats. Ann. 68.042]. The complaint alleged that the deaths of plaintiffs' decedents were caused by intoxicated persons, whose intoxication was caused by liquor sold to them by the defendant. Also, that the decedents were riding in an automobile with the intoxicated persons, who drove the car onto a railroad crossing, and there stopped, where it was struck by a train operated by the Gulf, Mobile & Ohio Railroad Company. The deaths of the decedents resulted therefrom and thereby plaintiffs were damaged in their means of support.

The defendant's answer included a special defense, based on instruments purporting to be complete settlements and releases given by the decedents' respective administrators to the railroad company. Of course, the liability of the railroad company, if any, existed by virtue of the Injuries Act, sections 1 and 2, ch. 70, Ill. Rev. St. [1951; Jones Ill. Stats. Ann. 38.01, 38.02].

These documents were construed by this court on a prior appeal, and we held that they were legal releases of a claim for wrongful death under the Injuries Act, that they imported satisfaction of the claims for injury, and that the rule applies: for a single injury there can be but one satisfaction or recompense. *McClure v. Lence,* 345 Ill. App. 158.

 The case was remanded with directions to over-rule the motion to strike the special defense of release. After that was done the plaintiffs filed a plea which admitted the due execution of the releases and receipt of the settlement, with no claim of fraud, but asserted the same legal arguments raised on the prior appeal. Perforce, the trial court ruled the plea was insufficient to avoid the defense of release, and entered judgment for the defendant.

 On this appeal it is again urged that the rights of action under the Dram Shop Act and under the Injuries Act are separate and distinct. As we held on the previous appeal, the fact that the remedies are separate and distinct still does not permit an injured party to secure a double recovery for his injury. Since the Injuries Act permits recovery in behalf of the next of kin for *all* pecuniary injury, such recovery necessarily includes injury to means of support of the *same persons,* allowed under the Dram Shop Act.

The principle that existence of separate remedies against several parties for the *same injury,* does not authorize double recovery, was followed in *McFadden v. St. Paul Coal Co.,* 263 Ill. 441; and was followed and analyzed in *Manthei v. Heimerdinger,* 332 Ill. App. 335, pp. 342 to 353. That it is the prevailing view is apparent from collected cases in notes in 50 A. L. R. 1099 and 134 A. L. R. 1230.

Plaintiffs continue to rely upon the few cases which seem to be *contra* to the weight of authority. Some of these cases indulge in a needless struggle with the definition of "joint tort-feasor." Originally this term applied only to persons who acted in concert, such as intentionally uniting in a wrongful act. Many courts now treat persons, whose tortious acts concur in a single indivisible injury, as "joint tort-feasors" notwithstanding the absence of concerted action. 52 Am. Jur., Torts §§ 111, 112. Some authorities propose the

use of new terminology, but most of the cases in this state simply apply the law of joint and several liability (with its effect upon releases and covenants) whenever the injury results from torts of two or more, regardless of any question of concerted action.

A case relied upon by appellants is a good example: *Aldridge v. Morris,* 337 Ill. App. 369, pertaining to a covenant not to sue. The case analyzed a number of precedents purporting to involve joint tort-feasors, although not one of the precedents showed any semblance of concerted action. The *Aldridge* case involved the driver of a car and a covenant not to sue given by the operator of a truck. It was held the amount paid by the one for a covenant was a proper credit against the liability of the other. The two drivers were involved in the same collision but were no more acting in concert than were the train crew and the intoxicated persons in the case before us.

 Plaintiffs also refer to *McManaman v. Johns-Manville Products Corp.,* 400 Ill. 423, in which the plaintiff, while working for a railroad in interstate commerce, was struck by defendant's truck. He gave his employer a covenant not to sue under the Federal Employers' Liability Act. It was held this could not be shown in evidence to reduce damages, because it "was a transaction entirely separate and unconnected with the proceeding to determine defendant's liability under the common law." Of course, the settlement of a claim which is entirely separate and unconnected with that against another, is not pertinent to the question of double payment for the same injury. The court did not explain its reasoning. There have been decisions in other states that a settlement under a workman's compensation Act is one based on contractual liability, and has nothing to do with a claim against a tort-feasor. Perhaps the court was applying the same principle to the Federal Act: the case was distin-

guished on that ground in *Aldridge v. Morris, supra* (337 Ill. App. 369, 381). At any rate, we find nothing in the opinion indicating an intention to overrule the many cases in which a release or covenant not to sue, given to one tort-feasor, was availed of by another, even though the two parties had not engaged in concerted action, when their acts produced a single injury.

■■ Plaintiffs also argue that recovery against, or release of, another tort-feasor should not bar the present suit, but should be a mere credit against this claim. Obviously, this would abolish the distinction between a release and a covenant not to sue. The distinction has been minimized in a few States, but not in Illinois. It is notable the only concession made to that minority view made by the American Law Institute is that, if the release shows on its face the intent to preserve a right against another, such as express reservation, it may be given the intended effect. Restatement, Torts, Sec. 885. No such facts exist in this case, as was shown in the full quotation of the releases in our prior opinion, 345 Ill. App. 158, at 160.

■■ Finally, plaintiffs included in their plea one new assertion: that the railroad company which received the releases, was not negligent in fact, therefore, was not a tort-feasor of any kind. Some cases are cited but we fail to perceive that they bear upon the question whether the validity of a release is affected by the probability or possibility of proving the released claim. By the weight of authority, a release given for a specific injury, bars other claims for the *same injury,* without regard to the question whether the liability could actually be proved against the released party. The validity of the release is in no way dependent upon the validity of the claim, hence, whether the person from whom the satisfaction came was or was not liable is immaterial. *Brewer v. Casey,* 196 Mass. 384, 82 N. E. 45; *Muse v. De Vito,* 243 Mass. 384, 137 N. E. 730;

346

*Lindsay v. Acme Cement Plaster Co.,* 220 Mich. 367, 190 N. W. 275; *Hubbard v. St. Louis & M. R. Co.,* 173 Mo. 249, 72 S. W. 1073; *Tompkins v. Clay St. R. Co.,* 66 Cal. 163, 4 Pac. 1165; *Harris v. Roanoke,* 179 Va. 1, 18 S. E. (2d) 303, 148 A. L. R. 1294. And an extensive review of the cases appears in *Guth v. Vaughn,* 231 Ill. App. 143. To the same effect is *Chapin v. Chicago & E. I. R. Co.,* 18 Ill. App. 47.

We conclude that the reply filed by plaintiffs did not present any avoidance of the admitted releases, and that the trial court properly entered judgment on the pleadings. The judgment is affirmed.

*Judgment affirmed.*

BARDENS, P. J. and CULBERTSON, J., concur.