John Michael RUDITIS, a minor, formerly known as John Michael Lichaczewski, by C. G. Lindquist, his Guardian Ad Litem, Plaintiff,

v.

Sammy P. GALLOP and Pearl Gallop, copartners doing business as Karsbar Bar and Grill; Zelda Inn Grill, Inc., a corporation; Western Surety Company, a corporation; and St. Paul Mercury Indemnity Co., a corporation, Defendants.

No. 5-58 Civ. 3.

United States District Court
D. Minnesota,
Fifth Division,
May 16, 1958.

Thomas L. Hunt, Duluth, Minn., for plaintiff, Lathers, Hoag, Gruber & Edwards, Duluth, Minn., of counsel.

Reavill, Jenswold, Neimeyer & Johnson, by R. B. Reavill, Duluth, Minn., for defendants Sammy P. Gallop and Pearl Gallop, doing business as Karsbar Bar and Grill.

Lewis, Hammer, Heaney, Weyl & Halverson, by K. C. Weyl, Duluth, Minn., for defendant Zelda Inn Grill, Inc., as to plaintiff's first cause of action.

Bouschor & McNulty, Patrick J. McNulty, Duluth, Minn., for defendant Zelda Inn Grill, Inc., as to plaintiff's second cause of action; and for defendant St. Paul Mercury Indemnity Company.

Nye, Montague, Sullivan & McMillan, by James G. Nye, Jr., and Edward T. Fride, Duluth, Minn., for defendant Western Surety Co.

DONOVAN, District Judge.

This case comes before the court on separate motion for summary judgment by each of the defendants. Jurisdiction is based on diversity of citizenship and the amount in controversy.

The complaint alleges generally against all defendants the following material facts: On June 2, 1956, at about 1:25 a. m., an automobile owned by John Fedo and operated by his minor son, James C. Fedo, collided with a military vehicle described as a 90 millimeter gun carrier, which was parked on a public street known as London Road, in the City of Duluth, Minnesota. Plaintiff's mother, Rose Marie Lichaczewski, a passenger in the Fedo automobile, died as a result of injuries sustained in the collision. The defendants Sammy P. Gallop and Pearl Gallop, doing business as Karsbar Bar and Grill, and Zelda Inn Grill, Inc., hereinafter respectively referred to as Karsbar and Zelda, are duly licensed by the City of Duluth to sell intoxicating liquors on their respective premises. On the evening of June 1, 1956, and the early morning of June 2, 1956, prior to the accident, Karsbar and Zelda made illegal sales of intoxicating liquor to James C. Fedo, a minor, which caused or contributed to his intoxication. The accident and death of Rose Marie Lichaczewski were directly and proximately caused by the intoxication of James C. Fedo.

The complaint pleads a cause of action under the Civil Damage Act, Minnesota Statutes Annotated, § 340.95 [1], against Karsbar and Zelda, and a cause of action under the penalty section of the Liquor Control Act, Minnesota Statutes Annotated, § 340.12 [2], against Karsbar and the Western Surety Company, Karsbar's surety, and against Zelda and the St. Paul Mercury Indemnity Company, Zelda's surety. The damages alleged in each action are loss of support.[3] In this diversity action, the trial court is governed by Minnesota law.

1. *Action under Minnesota Statutes Annotated, § 340.95.*

The second defense in Karsbar's answer and the fourth defense in Zelda's answer plead in bar to plaintiff's first

---

[1]. "Every husband, wife, child, parent, guardian, employer, or other person who is injured in person or property, or means of support, by any intoxicated person, or by the intoxication of any person, has a right of action, in his own name, against any person who, by illegally selling, bartering or giving intoxicating liquors, caused the intoxication of such person, for all damages, sustained; and all damages recovered by a minor under this section shall be paid either to such minor or his parent, guard-

ian, or next friend, as the court directs; and all suits for damages under this section shall be by civil action in any court of this state having jurisdiction thereof."

[2]. The text of § 340.12 is set out in the body of the opinion, infra.

[3]. Plaintiff's father, John F. Lichaczewski, died at Ironwood, Michigan, on February 5, 1954. Plaintiff is now the adopted child of his guardian, Margaret Ruditis.

cause of action certain releases executed by Ivan D. Wright, as special administrator of the estate of Rose Marie Lichaczewski, and by Margaret Ruditis, as guardian of plaintiff's estate, which releases were authorized and approved by the Probate Court for the County of Gogebic, State of Michigan. The releases given for a consideration of $3,000 paid by the Mutual Service Casualty Insurance Company recite a discharge of that company and "John Fedo and James C. Fedo, and all other persons, firms or corporations from any and all debts, claims, demands, liabilities, actions or cause of action of any kind and nature, which against the said Mutual Service Casualty Insurance Company, John Fedo and James C. Fedo * * *", Ivan D. Wright or Margaret Ruditis in their representative capacities "may now have or claim to have hereafter, because of any damages sustained" by Rose Marie Lichaczewski, plaintiff or his guardian "because of, or arising out of the accident to and death of Rose Marie Lichaczewski" described in the complaint in the instant action. The release executed by Margaret Ruditis expressly recites a like discharge of any claim for loss of support by her ward.

Karsbar and Zelda maintain that these releases constitute an accord and satisfaction of whatever claim plaintiff may otherwise have had against them by reason of the death of Rose Marie Lichaczewski.[4]

In Smith v. Mann, supra, an action for malpractice based on the defendant's negligent treatment of injuries sustained by the plaintiff in a fall, the defendant pleaded a general release of others whom the plaintiff had originally sued for damages for the injuries resulting from her fall. The Minnesota Supreme Court, following the rule set out in Hartigan v. Dickenson, supra, that an injured party who has accepted satisfaction from whatever source it may come cannot recover again for the same injury, stated [184 Minn. 485, 239 N.W. 224]:

"* * * The release, under the applicable law, plainly discharged whatever right of action plaintiff, as releasor, had on account of all damage for which the releasees were liable. * * *

"Plaintiff's general release operated not only in personam on the releasees and their liability, but also in rem on the releasor's cause of action. The decisive thing now is not whether plaintiff actually released this defendant, or intended to do so, or got full compensation, but rather, and only, whether she has discharged her whole cause of action. That she did so is plain. The destruction of it is the primary result from which follows necessarily the secondary one of releasing all the wrongdoers, whether their wrongs were concurrent or successive. The entire cause of action being gone, no one can remain liable."[5]

Plaintiff makes no claim that the releases executed by Ivan D. Wright and Margaret Ruditis did not amount to an accord and satisfaction or a "general release", but contends that this rule has no application where the "liabilities of the wrongdoers are unrelated in scope and purpose."[6]

In Philips v. Aretz, supra, the soundness of the rule relied on by Karsbar and

4. Karsbar and Zelda rely on:
   Hartigan v. Dickenson, 81 Minn. 284, 83 N.W. 1091; Smith v. Mann, 184 Minn. 485, 239 N.W. 223; Benesh v. Garvais, 221 Minn. 1, 20 N.W.2d 532; Muggenburg v. Leighton, 240 Minn. 21, 60 N.W.2d 9; Gronquist v. Olson, 242 Minn. 119, 64 N.W.2d 159; Manthei v. Heimerdinger, 332 Ill.App. 335, 75 N.E.2d 132; McClure v. Lence, 349 Ill.App. 341, 110 N.E.2d 695.

5. This language was approved and relied on in Driessen v. Moening, 208 Minn. 356, 294 N.W. 206. See also Almquist v. Wilcox, 115 Minn. 37, 131 N.W. 796.

6. Plaintiff relies on:
   Philips v. Aretz, 215 Minn. 325, 10 N.W.2d 226; Adamson v. Dougherty, 248 Minn. 535, 81 N.W.2d 110, 115; Best v. Fedo, D.C.Minn., 153 F.Supp. 79.

Zelda was recognized, but the court declined to apply it in an action under Minnesota Statutes Annotated, § 340.12, where the release involved was given to a defendant in a wrongful death action arising out of the same accident. The court reasoned that the sole basis of a cause of action for wrongful death was the wrong done the injured party with the wrongdoer's liability sounding in negligence, while under § 340.12 the liquor dealer's liability was as a punishment for having violated the law so that the scope and purpose of the Wrongful Death Act, Minnesota Statutes Annotated, § 573.02, and § 340.12 were wholly unrelated. Because of the penal nature of § 340.12 the court concluded recovery under that section could be had for damages previously compensated for.

*In Adamson v. Dougherty, supra, an action under § 340.95 on behalf of minor children for loss of support, it was recognized that said § 573.02 and said § 340.95 were different in scope and purpose, and that a recovery to the full extent allowed under the former did not bar action under the latter or said § 340.12. At the same time the court recognized that it was a good defense to an action under § 340.95 to show full compensation of the injury as result of a recovery under § 573.02. In such instance the basis of recovery under § 340.95 was a showing that the injury was not fully compensated for by the former recovery. After distinguishing Philips v. Aretz, supra, and other cases tending to support plaintiff's position in the instant case [7], the court stated:

"Other decisions relating to § 340.95, which refer to its penal characteristics, at the same time point out that its principal objective is the imposition of liability for damages caused by the intoxication of any person upon the dealer, who, by illegally selling intoxicating liquors, caused such intoxication.

Hahn v. City of Ortonville, 238 Minn. 428, 57 N.W.2d 254; Fox v. Swartz, 228 Minn. 233, 36 N.W.2d 708. The necessary implication to be drawn therefrom is that, as in other damage actions, a claimant's prior recovery of the damages thus sustained would foreclose his right to again collect therefor under § 340.95; Driessen v. Moening, 208 Minn. 356, 294 N.W. 206; Almquist v. Wilcox, 115 Minn. 37, 131 N.W. 796 * * *."

In Best v. Fedo, supra, this court recognized the distinction between the bases of liability under § 340.95 and § 340.12, and held that the consideration received by the plaintiff for a covenant not to sue the Fedos or their insurer must be applied in diminution of recoverable damages in an action under § 340.95, although it would not be so applied in an action under § 340.12.

■ Plaintiff's injury is the loss of support resulting from the death of his mother. The law of Minnesota provides him, insofar as we are presently concerned, two remedies by which to recover his damages. Under § 573.02 the amount recoverable is limited; under § 340.95 unlimited damages may be recovered. If plaintiff had recovered a judgment in an action under § 573.02, and his injury was still not fully compensated for, or, if he had accepted a payment as partial compensation for his injury to discharge those liable under § 573.02, he could now recover in this action such damages as would make him whole. But such is not the situation here. Plaintiff, through his guardian, has accepted a payment as full satisfaction of his injury and executed a release discharging all claims he might have for that injury, not only against the releasees, but also against "all other persons, firms or corporations." [8] An injured party who has accepted satisfaction, from whatever source it may come,

---

7. Mayes v. Byers, 214 Minn. 54, 7 N.W.2d 403, 143 A.L.R. 821; Beck v. Groe, 245 Minn. 27, 70 N.W.2d 886, 52 A.L.R.2d 875.

8. Compare Gronquist v. Olson, supra.

cannot again recover for the same injury, notwithstanding the fact that his statutory remedies, the Wrongful Death Act and the Civil Damage Act, are unrelated in scope and purpose.[9]

This conclusion is supported by the decisions in Manthei v. Heimerdinger, supra, and McClure v. Lence, supra, two cases involving the Illinois Dram Shop Act, Ill.Rev.Stat.1957, c. 43, § 94 et seq., which is substantially similar to the Minnesota Civil Damage Act.

In the Manthei case, supra, the plaintiff was injured when the automobile in which he was a passenger was struck by an automobile driven by an intoxicated person named Jan Kerch. The Illinois court held a general release given by plaintiff to the insurer of Kerch's automobile barred an action for the same injuries against the liquor dealer who had illegally sold Kerch the liquor which caused her intoxication. The court stated [332 Ill.App. 335, 75 N.E.2d 137]:

> "The Minnesota case [Philips v. Aretz, supra] is not authority contrary to the general proposition that for a single indivisible injury which plaintiff sustains he is entitled to receive but one compensation and if he received that compensation from the one who inflicted the injury and executed to him a general release, that then there could be no further recovery."

In the McClure case, the action was to recover damages for loss of support on behalf of minor children. Their parents were passengers in an automobile driven by an intoxicated person. The automobile was driven onto a railroad crossing and there stopped. The parents were killed when the automobile was struck by a train. The decedents' representatives executed a general release to the railroad company. It was contended that a release given to a wrongdoer whose liability existed by reason of the Illinois Injuries Act (Wrongful Death Act) Ill.Rev.Stat.

1957, c. 70, § 1 et seq., was not a bar to an action under the Dram Shop Act because the rights of action under the two statutes were separate and distinct. The court stated [349 Ill.App. 341, 110 N.E.2d 696]:

> "The fact that the remedies are separate and distinct still does not permit an injured party to secure a double recovery for his injury. Since the Injuries Act permits recovery in behalf of the next of kin for *all* pecuniary injury, such recovery necessarily includes injury to means of support of the *same persons*, allowed under the Dram Shop Act."

■■ Summary judgment is an extreme remedy, and should be granted only in the absence of a genuine material fact issue.[10] The record in the instant case presents no such issue, but rather justifies the relief sought, and the foregoing makes obvious the necessity for granting the motions for summary judgment made by the defendants Karsbar and Zelda as to the plaintiff's first cause of action under § 340.95.

*2. Action under Minnesota Statutes Annotated, § 340.12.*

So far as here applicable the statute provides:

> "* * * An applicant for an 'On Sale' license shall file with the clerk of the proper municipality a bond with corporate surety, or a liability insurance policy or, in lieu thereof, cash or United States Government bonds in a sum, not less than $3,000, nor more than $5,000, as the local governing body of such municipality shall determine, which bond shall be approved by such local governing body.
>
> * * * * * *
>
> "All such bonds shall be conditioned as follows:
>
> * * * * * *

9. Hartigan v. Dickenson, supra; Almquist v. Wilcox, supra; Smith v. Mann, supra; Driessen v. Moening, supra; Adamson v. Dougherty, supra; Best v. Fedo, supra.

10. Warner v. First National Bank of Minneapolis, 8 Cir., 236 F.2d 853, 857.

"As to 'Off sale' and 'On sale' dealers:

&ast; &ast; &ast; &ast; &ast; &ast;

"(d) That the licensee, will pay to the extent of the principal amount of such bond or policy, any damages for death or injury caused by or resulting from the violation of any provisions of the law relating thereto, and in such cases recovery under this paragraph may be had from the surety on this bond or policy. The amount specified in such bond or policy is declared to be a penalty, the amount recoverable to be measured by the actual damages; provided, however, that in no case shall such surety be liable for any amount in excess of the penal amount of the bond or policy.

"All such bonds or policies shall be for the benefit of the obligee and all persons suffering damages by reason of the breach of the conditions thereof. &ast; &ast; &ast;."

█ Karsbar and Zelda have filed bonds in the amount of $3,000 each with the Western Surety Company and the St. Paul Mercury Indemnity Company as their respective corporate sureties, as prescribed by the statute. The plaintiff in his second cause of action proceeds against these defendants on their bonds for damages for loss of support alleged to have proximately resulted from the illegal sale of liquor to James C. Fedo in violation of the covenants and agreements of said bonds. The defendants in their answers and motions for summary judgment as to this second cause of action set up in bar thereto the judgment ordered by this court in Best v. Fedo, D.C., 153 F.Supp. 79. In that action, which arose out of the same accident as here involved, judgment was entered against Karsbar and Western Surety Company in the amount of $3,000 as a penalty under § 340.12, and in a like amount against Zelda and the St. Paul Mercury Indemnity Company as a penalty under § 340.12. The same violation as is here involved was involved in the Best action, and defendants contend that the judgment so ordered, and by them satisfied, has exhausted the bonds so that no further recovery upon them may be had.

Liability under § 340.12 is limited to the principal amount of the licensee's bond. The violation alleged is the sale of intoxicating liquor to James C. Fedo by each of the licensee defendants. The damages to Carol May Best and to plaintiff result from the same violation alleged against each licensee defendant. Damages in the amount allowed under the statute against each has heretofore been recovered; consequently, the motions of all defendants for summary judgment upon plaintiff's second cause of action must be granted; and

It Is Hereby Ordered:

1. That judgment be entered in favor of Sammy P. Gallop and Pearl Gallop, doing business as Karsbar Bar and Grill, upon the first and second causes of action set forth in the complaint.

2. That judgment be entered in favor of the Zelda Inn Grill, Inc., upon the first and second causes of action set forth in the complaint.

3. That judgment be entered in favor of the Western Surety Company upon the second cause of action set forth in the complaint.

4. That judgment be entered in favor of the St. Paul Mercury Indemnity Company upon the second cause of action set forth in the complaint.

Exceptions are allowed.